Marshall, C. J.
 

 Plaintiff in error, Samuel Mestetzko, began this litigation in the municipal court of Cleveland, Ohio, against the Elf Motor Company, to recover damages upon two contracts which .he had entered into during his minority. He sought to recover the entire amount he had paid to the motor company upon two separate purchases of automobiles. The first purchase was a Ford road
 
 *577
 
 ster, on March 26, 1925, and Mestetzko turned in on the purchase a Ford truck, upon which an allowance was made of $75. Thereafter he paid the entire balance of the purchase price of $415.21, and more than a year later traded the roadster in on the purchase of a Ford coupe, receiving an allowance of $184.40. The price of the coupe was $710.50. A note and chattel mortgage were given to secure the balance, and the note and mortgage were discounted by a finance company, which, later on, was compelled to reclaim the coupe, and it is claimed that the coupe was not worth more than $200 at that time. Before the seizure of the coupe, Mestetzko had made payments, which, added to the allowance made for the roadster, amounted to $461.68. He therefore sought to recover $876.89.
 

 The motor company defended on the ground that Mestetzko had misrepresented his age and that the automobiles were sold to him solely because of his false and fraudulent representations. The motor company counter-claimed for the use and abuse of the two cars while they were in the possession of Mestetzko, claiming in its cross-statement the sum of $741.30. Mestetzko filed a reply denying in detail all allegations of the answer and cross-petition.
 

 The case was tried before the municipal court without the intervention of a jury, and the court found in favor of Mestetzko, assessing his damages at $792.48. Error was prosecuted to the Court of Appeals, and that court reversed the judgment, the entry of reversal being couched in the following language:
 

 “This cause came on for hearing upon the petition in error, the transcript and the original papers
 
 *578
 
 and pleadings from the municipal court of Cleveland and was argued by counsel, and on consideration thereof, the court find that there is error apparent of the plaintiff in error. It is therefore considered by this court that the judgment rendered by said court below be reversed and held for naught and that plaintiff in error recover from the defendant in error his costs herein expended. And the court, further proceeding to consider the premises, orders that the cause be remanded to the municipal court of Cleveland for further proceedings and for judgment and that a special mandate therefor be sent to said court.”
 

 The Court of Appeals did not state the specific grounds of error upon which the reversal was granted. The petition in error filed in the Court of Appeals states, as one of the assignments of error, “that the decision of the court was not sustained by the weight of the evidence or by sufficient evidence. ’ ’ Inasmuch as the case was tried in the municipal court without the intervention of a jury, the bill of exceptions does not throw any light upon the mental processes of the court, and if is therefore difficult to determine what legal questions were involved in the decision. Inasmuch as the weight of the evidence was one of the assignments of error considered by the Court of Appeals, it will be presumed by this court that the reversal by the Court of Appeals was based upon that ground. It should be stated in this connection that Section 12248, General Code, requires the Court of Appeals to pass upon all assignments of error presented. This is a procedural statute and is valid and binding upon the Court of Appeals, and was enacted by the Legis
 
 *579
 
 lature for the manifest beneficial purpose of enabling parties to know upon what principles of law the cause was decided in that court, and as a guide to this court in all cases where error is prosecuted to this court, in order that this court may consider in an orderly manner the assignments of error from the Court of Appeals. It was decided by this court in
 
 Wetzell
 
 v.
 
 Richcreek,
 
 53 Ohio St., 62, 40 N. E., 1004:
 

 “This court will not review a judgment of reversal, either (1), where the insufficiency of the evidence to support the verdict or judgment is expressly stated as a ground of reversal; or (2), where no ground of reversal is stated,- and the. record shows that the weight of the evidence was properly before the court; or (3), where one of the grounds stated is, that a motion for a new trial should have been sustained which alleges that the verdict was against the weight of the evidence, unless, in cases of the latter class, it appears that the reversal was upon grounds other than the weight of the evidence. But where the grounds of reversal are specifically stated, this court will treat those as the only ones upon which the reversal was placed, though it be not stated that no other errors were found in the record. ’ ’
 

 This court has many times considered error proceedings where the weight of the evidence was one of the assignments of error urged in the Court of Appeals, or its predecessor, the Circuit Court, and the rule has become firmly established that this court will not weigh the evidence to determine whether correct conclusions were reached by the courts below. This rule was given statutory effect
 
 *580
 
 by the act of April 18, 1888, now Section 12253, General Code. The rule has been upheld in a number of cases under a variety of circumstances.
 
 McLaughlin
 
 v.
 
 Wheeling & Lake Erie Ry. Co.,
 
 61 Ohio St., 279, 55 N. E., 825;
 
 Krause
 
 v.
 
 Morgan,
 
 52 Ohio St., 662, 44 N. E., 1140;
 
 Clear Fork Oil Co.
 
 v.
 
 Thompson,
 
 83 Ohio St., 498, 94 N. E., 1104;
 
 State
 
 v.
 
 Suttles,
 
 85 Ohio St., 439, 98 N. E., 1134;
 
 State
 
 v.
 
 Martin,
 
 87 Ohio St., 459, 102 N. E., 1132.
 

 Upon the foregoing authorities the judgment of the Court of Appeals reversing and remanding this cause to the municipal court for further proceedings must be affirmed.
 

 . This disposes of the case in this court upon the rule of procedure supplemented by a rule of practice. The legal principles involved are, however, of very great importance, and are novel, so far as the former decisions of this court are concerned, and, inasmuch as this cause must go back to the municipal court for retrial, this court would be remiss in its duty if it did not discuss certain principles which must enter into the controversy upon such retrial. One of the assignments of error urged in the Court of Appeals was “that the court erred in sustaining defendant in error’s demurrer to plaintiff in error’s cross-statement of claim.” An examination of the transcript of the docket and journal entries does not disclose that any demurrer was ever filed or ruled upon. The judgment in the trial court having been rendered for practically the entire amount claimed by plaintiff, and it appearing by the undisputed evidence that the automobiles were rendered materially less in value by reason of use and abuse, it is apparent that the trial court did not regard the
 
 *581
 
 legal defenses made by the cross-statement of claim as defensive. The motor company filed a cross-statement of claim as to each of the contracts between Mestetzko and the Elf Motor Company. Upon the contract for the purchase of the roadster it counterclaimed for the sum of $230.80, because of use, abuse, and careless and negligent manner of operation, alleging that the car suffered depreciation in that amount during the period it was in Mestetzko’s possession. Upon the contract for the coupe it is alleged that by reason of use and abuse and willfully careless and negligent acts of Mestetzko the car was not worth more than $200 at the time it was repossessed, whereby a loss was suffered of $510.50. Each of the cross-statements of claim alleges the false and fraudulent representations of Mestetzko that he was 22 years of age at the time of the purchase of the roadster and 23 years of age at the time of the purchase of the coupe. The judgment rendered in the trial court is therefore consistent only with the theory that an infant may recover the entire amount he has paid upon a contract entered into during his minority, even though the property is of materially less value by reason of use, abuse, and deterioration when returned. It is further apparent that the trial court regarded the alleged misrepresentations as to his age as immaterial.
 

 It is well settled that all contracts of an infant, except those authorized by law, those entered into in performance of a legal duty, and for the purchase of necessities, are voidable at the election of the infant, and may be disaffirmed by him upon reaching his majority, or within a reasonable time thereafter.
 
 *582
 
 This particular contract clearly belongs to the voidable class.
 

 It is well settled that an infant is civilly liable for his torts, but there is a sharp division in the authorities in the application of this principle where the tort is committed at the time the contract is entered into, or where the tort becomes a part of the breach of a contract. Some authorities hold that misrepresentation of the infant as to his age, inducing the other party to enter into the contract, does not become a part of the contract itself. Other authorities take the opposite view. Some authorities hold that the infant may recover the full amount paid without restoring in whole or in part the property purchased, while other authorities hold that the vendor may counterclaim the depreciation in value of the property by reason of use and abuse. The welfare of the infant is the law’s first consideration, and it is the settled policy of the law to protect an infant against liability upon his contracts, whether provident or improvident, on the theory that his mind and judgment are immature and need to be sheltered from their own imprudence and folly. This protection, however, is a shield and should not be permitted to be employed as a sword. In the instant case, the contracts were fair and reasonable, and free from fraud or undue influence of the vendor, and the infant has used and enjoyed their benefits. It further appears that the vendor was in fact deceived, and that he believed and had reasonable ground to believe that Mestetzko had reached his majority. This is not a suit by the vendor to recover from an infant the unpaid purchase price of property. Neither is it sought to recover a per
 
 *583
 
 sonal judgment for infant’s torts. It is a ease where an infant, representing himself to be of full age, has purchased personal property, used and abused it until it was of materially less value, and has then sought to recover back the money paid without allowance for depreciation and use. We shall not attempt to review the authorities pro and con. It may be admitted that the larger number of authorities are in favor of rendering judgment in favor of the infant for the full amount he has paid, without making allowance for use and abuse of the property. Many respectable authorities, which we think state the better and sounder doctrine, permit the defendant to counterclaim. The United States Supreme Court has dealt with this identical question in
 
 Myers
 
 v.
 
 Hurley Motor Co.,
 
 273 U. S., 18, 47 S. Ct., 277, 71 L. Ed., 515, 50 A. L. R., 1181. The facts in that case do not present a single distinguishing feature from the facts in the case at bar. The court in that ease reviewed many authorities and reached the conclusion that the vendor might defend on the ground of misrepresentation as to age, and that he might also counterclaim in the amount of the damage to the property sold, by reason of use and deterioration. There being a sharp conflict in the authorities, we think, in the interest of uniformity, that the rule declared by the United States Supreme Court should be followed. The court held in that case that the vendor may, in a proceeding by an infant after attaining his majority to disaffirm his contract for the purchase of an automobile made under a fraudulent misrepresentation as to his age, and to recover the money paid thereon, be allowed to set off a claim for injury done to the car by the infant’s tortious
 
 *584
 
 acts to the extent of the infant’s claim. The court further held that the infant is not by such misrepresentations of his age estopped to deny the validity of his contract, but held him subject to the equitable maxim that he who seeks equity must do equity. That case was not one in equity, but the court held, at page 24 (47 S. Ct., 278):
 

 “Such an action, though brought at law, is in its nature a substitute for a suit in equity; and it is to be determined by the application of equitable principles. In other words, the rights of the parties are to be determined as they would be upon a bill in equity. The defendant may rely upon any defense which shows that the plaintiff, in equity and good conscience, is not entitled to recover in whole or in part.”
 

 From the opinion, at page 26 (47 S. Ct., 279), we further quote:
 

 “Our conclusion that the affirmative defense is available in this action does not rest upon the doctrine of estoppel, though the result may be the same. It recognizes the plaintiff’s right to repudiate his promise and sue for the return of his payments, and his immunity from a plea of estoppel in so doing. Its effect is not to enforce the disaffirmed contract directly or indirectly, but to allow him to invoke the aid of the court to enforce an equitable remedy arising from the disaffirmance, only upon condition that ‘seeking equity, he must do equity.’ ”
 

 The court therefore held that, seeking to disaffirm and avoid his contract, the court should deal with him as it would with any adult party, and should require him to restore what he received when he parted with the property which he seeks to get back,
 
 *585
 
 and this the more especially where it appears that the other party dealt with him in ignorance of the fact of his nonage. The court further held that the amount of the vendor’s damage could only be allowed in abatement or diminution of the infant’s claim, and that the vendor could not in any event recover an affirmative judgment. All these principles are declared by the highest authority in the land upon a review and discussion of the authorities and áre in harmony with our own views, and we therefore adopt them a,s the proper principles of law to be applied in the retrial of this case.
 

 Judgment affirmed.
 

 Kinkade, Jones, Matthias, Day and Allen, JJ., concur.
 

 Robinson, J., concurs in propositions one and three of the syllabus and in the judgment.