KEEVER *v*. BROWN, EXRX., ET AL.

(Decided April 29, 1930.)

*Messrs. Wilson & Morrow* and *Mr. George L. Garrett,* for plaintiff.

*Messrs. Bagby & Bagby* and *Mr. H. L. Wiggins,* for defendants.

MAUCK, J.  By an amended petition in the court of common pleas Marion D. Keever showed that he was married to Mollie Keever October 20, 1921, and that Mollie Keever died February 6, 1924, leaving a last will and testament dated October 13, 1920, to which a codicil had been added on August 12, 1921. He alleges that under said will and its codicil no provision was made for him as the surviving husband of the testatrix, and that he had elected not to take under said will and codicil.  He said that the decedent left a personal estate of about $22,000, and that there will remain after payment of the testatrix's debts and the cost of administration about $21,000.  He alleges that he is entitled to a special set-off of $500 out of the personal property, and to certain specific set-offs, such as wearing apparel, ornaments, pictures, and books, of the value of $200, all exempt from administration, and that he is further entitled upon the distribution of the administered assets to one-half of the first $400 thereof and one-third of the remainder.  He pleads, however, that he and the testatrix prior to their marriage entered into an antenuptial contract, a copy of which he attaches to his petition, and which he alleges to have been null, void, and of no effect for the reason that the same is indefinite, uncertain, and ambigu-

ous, and the intention of the parties thereto cannot be ascertained. He also represents that the antenuptial contract is void and fraudulent for the further reason that at the time the same was entered into the testatrix represented to him that she was the owner of certain residence property in Hillsboro, of the value of $3,000, and that he relied upon that representation as true, but that it now appears that prior to said contract the testatrix had in fact conveyed that real estate to Elsie Brown, the present executrix, and one of the defendants herein, who withheld the same for record until after the death of the testatrix. He pleads that in May, 1924, he requested the executrix to bring an action against all the parties in interest, asking for the direction of the court as to the distribution of the estate under the circumstances mentioned, and that upon her failure so to do he himself filed this action for that purpose. He accordingly prays that the executrix may have the direction of the court as to the distribution of the estate in her hands, and particularly prays that she be directed to turn over to him the exempted property claimed by him, and that he be also paid his distributive share of said estate as though there had been no antenuptial agreement entered into by him and the testatrix. Issue was joined upon this amended pleading, and, from the decree of the court of common pleas, an appeal has been taken to this court.

The first question raised is whether or not the antenuptial contract is effective. That instrument recites that the parties thereto contemplate marriage with each other, that each is seized of certain property of the kind and amounts therein stated,

4

and that the respective sums so stated are fixed and agreed upon as the value of the estates of the two parties and shall represent their respective estates at the time of the decease of either said parties; and it is stipulated that neither of the parties shall participate in the estate of the other "up to the value of his of her estate so fixed." It is further agreed that such exclusion from participation shall apply to the survivor as widower, widow, heir, next of kin, or by reason of the marriage relation. The contract then fixes the value of the testatrix's estate as "$20,000.00 besides the house and lot," and the value of the plaintiff's estate as $12,000. The agreement further added that each party would sign any deed necessary to pass title to any property then owned by the other upon demand therefor.

We find nothing obscure in this instrument. It is an engagement that the plaintiff in this case shall not as widower, heir, next of kin, or otherwise, by reason of his marriage to the testatrix, participate in the distribution of her estate, except in such part thereof as may exceed "$20,000.00 besides the house and lot."

We find the second contention of the plaintiff, that is, that there was such an unlawful concealment of assets by the testatrix as to render the contract fraudulent, equally unfounded. It is fairly clear that at some time prior to the marriage and prior to the antenuptial contract the testatrix had made a deed of the house and lot that she apparently owned at the time of the marriage, but that she had not delivered that deed until after the marriage. According to the terms of the contract, if she had desired to make the deed after, rather than before, the mar-

riage, the plaintiff was bound to join in releasing his inchoate dower. And as he will not be heard now to say that he would not have carried out his agreement by making that deed, he is in no position to complain that his bride prudently made the conveyance at a time when she was not required to enlist his co-operation. And whether she made the deed at one time or the other, or never made it at all, was of no concern to the plaintiff, except as he may have expected to have enjoyed the use of the property during his marriage, because the house as well as the $20,000 of personal property was by the contract made exempt from his claims after the death of his wife. He enjoyed the use of the house and lot during his wife's life and consequently received all that he could have reasonably expected in that respect. We accordingly conclude that the contract was in its terms sufficient, and that there was no fraud practiced in securing the signature of the plaintiff thereto.

After the executrix was appointed and undertook to make the appraisement required by the statute, some question arose as to whether the executrix would proceed upon the theory that the antenuptial contract was in full force, and no statutory set-offs should be made to the plaintiff, as the surviving widower, or whether it should be assumed that there was a possibility of the plaintiff having his rights as widower and that the inventory should show such set-offs in case it should be subsequently determined that he was entitled to the same. The executrix not having caused the exempted property to be set off to the widower, exceptions were filed by him in the probate court, and subsequently the court

of common pleas, on appeal, sustained those exceptions and ordered set off to Marion D. Keever the statutory exemptions, and directed the appraisers of the estate to make their inventory accordingly.

We are now concerned with the question whether that proceeding relating to the inventory was such an adjudication of the rights of the parties as to compel the executrix to deliver to the plaintiff the exempted property as disclosed by that inventory. A similar question was before this court in *Connolly* v. *Connolly,* in Brown county, in 1918. In the unpublished opinion of Middleton, P. J., concurred in by Judges Sayre and Walters, it was said:

"Whether or not a Probate Court is vested with jurisdiction to determine that an antenuptial contract may bar the year's allowance to a widow has been before the Supreme Court in at least two cases, the first being the case of *Heck* v. *Heck,* 34 Ohio St., 369, in which the court declined to determine the question upon the ground that the contract was not incorporated in the bill of exceptions. In this connection the court says:

" 'Again, the executor appeared in court, and, without making complaint, then or at any time, as to the amount of the allowance, moved the court to set aside the order appointing the new appraisers, and the action of such appraisers, on the further ground that the widow is barred of such allowance by an antenuptial contract. But that contract is not part of the record, in any permissible form. It is not embodied in a bill of exceptions, or ordered to be made part of the record. We are not permitted to consider it; and, therefore, we express no opinion whether the widow was barred of the allowance by

the antenuptial agreement; nor do we decide whether the probate court is clothed with jurisdiction to determine such question, or whether it is the duty of that court, under such circumstances, to instruct the appraisers to make the proper allowance, leaving the question whether it is barred by the antenuptial contract to be determined elsewhere.'

"However, in the case of *Baldwin* v. *Broadstone*, 54 Ohio St., 653, 46 N. E., 1155, it would seem that this question had been fairly decided in the negative. The case is not reported but in the 35 Law Bull., page 161, a synopsis thereof may be found, in which, among other propositions claimed to have been determined, is the following:

" 'The probate court has no jurisdiction of the question to set aside the year's allowance to a widow on the ground that she agreed not to ask it by an antenuptial contract.'

"It appeared in that case that a motion was filed to set aside this allowance upon the ground that it was barred by an antenuptial contract. The probate court declined to consider this ground of the motion, holding that it was without jurisdiction.

"We feel impelled to follow this authority in the instant case. If the probate court may not, for want of jurisdiction, consider an antenuptial contract upon a motion to set aside a year's allowance, it may not consider it in the first instance as a bar to such an allowance.

"We conclude, therefore, the probate court was without jurisdiction to determine the validity of the contract between Connolly and wife in so far as it might affect the latter's right to an allowance either one way or the other, and therefore erred in holding,

as it did, that the contract was a bar to this right and for that reason refused to appoint appraisers.''

We accordingly conclude that, while the probate court was right in requiring the executrix to cause her inventory to show the statutory set-offs to the widower, his order in that respect does not constitute an adjudication of the question whether the particular widower has by antenuptial contract or otherwise barred himself from taking the property so nominally set off to him.

It is argued that a widow is entitled to a year's support, notwithstanding the fact that her antenuptial contract bars her from all other benefits in her deceased husband's estate, and that by analogy the husband should enjoy his statutory exemptions, notwithstanding his contract. We do not accept either the premise of this argument or the deduction therefrom. It is said upon good authority that a widow without children may be barred of her year's allowance by the clearly expressed terms of her antenuptial agreement. Rockell's Probate Practice, Section 327. But if we accept as sound the premise that a widow might be entitled to her year's support, notwithstanding her antenuptial agreement to the contrary, there would be no analogy between that situation and the case at bar. The allowance for the widow's year's support is in this state deemed to be a debt of the estate. It might well be that a contract would bar all the other statutory privileges and yet not bar the year's allowance, because the latter is a debt.

We conclude that the contract in question in this case is a valid engagement; that by its terms it excludes the plaintiff from taking anything from the

estate, either as widower, or as next of kin, or by reason of the marriage relation, except in such part of the estate as exceeds $20,000, and that the plaintiff is entitled to none of the set-offs claimed by him until the executrix has realized the sum mentioned.

There is some question made by the parties as to the actual net value of the estate, and there is some doubt whether there will be anything to distribute over the sum of $20,000, and consequently some doubt as to whether there will be anything to be distributed to the plaintiff. Into this phase of the case we cannot enter. Naturally the extent of the net estate depends upon the gross amount realized and the costs and expenses of administration. The probate court has exclusive jurisdiction in all these matters. This action is brought under Sections 10857 and 10858, General Code, and we can go no further than to determine the rights of the parties in interest and leave to the probate court the duty of making the orders of distribution in accordance with such determination. This we do by deciding that the executrix holds $20,000 free from any claims of the plaintiff; that if to realize the said sum of $20,000 it be necessary to use any or all of the property claimed by the plaintiff as exempt it shall be so used; that after the executrix has realized the said sum of $20,000 the balance of the assets so set off to the plaintiff as widower shall be delivered to the plaintiff, and that he shall further participate as distributee in such excess in the manner provided by the statute.

The costs are taxed to the estate. The questions

involved are not frivolous, and their determination is necessary to a final administration of the trust.

*Decree accordingly.*

MIDDLETON, P. J., and BLOSSER, J., concur.