**COHEN, et., Plaintiffs-Appellees, v COHEN, et., Defendants-Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 6866. Decided December 15, 1947.

Gorman, Silversteen & Davis, Cincinnati, for plaintiffs-appellees.

Benjamin S. Schwartz, Cincinnati, for defendants-appellants.

## OPINION

By HILDEBRANT, J.:

In passing on exceptions to the inventory, the Probate Court denied the efficacy of an ante-nuptial agreement, dated June 4, 1925, between decedent and the widow, to preclude the widow from receiving the statutory exemption of $2500.00 under §10509-54 GC, allowed her by the appraisers in the inventory.

This allowance is claimed as error in this appeal on questions of law.

The ante-nuptial agreement heretofore upheld by the Probate Court and this Court reads in part:

\*　　　　\*　　　　\*　　　　\*　　　　\*

"THAT WHEREAS, the parties hereto contemplate a marriage with each other and do not desire to affect in any way the legal status of the property owned by said parties or the rights of their heirs except as hereinafter provided, and,

\*　　　　\*　　　　\*　　　　\*　　　　\*

"WHEREAS, in view of these circumstances said Joe Cohen desires to make suitable provision for said Lena Wolfson in lieu of dower in his real estate and in place of any year's allowance, homestead, mansion rights, and other share in or distribution of his personal estate, and of any and all other rights or claims of the said Lena Wolfson as widow, heir, survivor, or next of kin of the said Joe Cohen, and has explained to her the value of the estate she is relinquishing, being the dower, year's allowance, homestead, mansion rights and the distributive share of his personal estate.

\*　　　　\*　　　　\*　　　　\*　　　　\*

"In consideration of said marriage and the promises and agreements of said Joe Cohen and the conveyance of said one-half interest in the real estate to be purchased above described, the said Lena Wolfson hereby covenants and agrees to and with the said Joe Cohen, his heirs, executors, administrators, and assigns, that said conveyance of said one-half interest in said real estate to be purchased shall be in lieu of any and all rights or claim of dower, inheritance, or descent, in and to the real property of said Joe Cohen now owned or hereafter acquired, and in lieu of any and all rights or claims to a distributive share of his personal estate now owned or hereafter

acquired, and of all claims for an allowance for a year's support, and mansion rights, and in lieu of any and all claims or rights in and to the estate of said Joe Cohen which may in any manner arise or accrue by virtue of said marriage."

Item II of the Will of the decedent is:

"ITEM II. Having heretofore, to-wit, on the 4th day of June, 1925, entered into an ante-nuptial contract with Lena Wolfson, who is now my wife, Lena Cohen, in which contract we adjusted and settled our mutual property rights, I now confirm said ante-nuptial agreement and request that the same be carried out to the letter, and for that reason I make no bequest or devise to my wife, Lena Cohen, herein, as such ante-nuptial contract, made an equitable and just disposition and settlement of all property rights between us."

Sec. 10509-54 GC, provides in substance that certain personal property, if selected, as therein provided, by the widow, shall not be deemed assets or administered as such, but must be included in the inventory, or in lieu thereof, money up to a maximum of $2500.00, which shall be a charge on all property, real and personal, belonging to the estate, prior to the claims of all unsecured creditors of the deceased or of the estate.

Historically, the purpose of the statute was to partially compensate the surviving spouse for loss of vested dower rights which were abolished at the same time and to supplement the compensatory increase granted a spouse under the statutes of descent and distribution, changed at the same time. See, Comment under Section 10509-54 in the Page Code, and Vol. IV, Ohio Bar, p. 412.

It, therefore, appears that the wording of the ante-nuptial agreement is peculiarly apt in specifically covering dower rights and claims to a distributive share of the estate.

Further, the ante-nuptial agreement clearly declares its provisions to be in lieu of any and all rights or claims to a distributive share of the personal estate now owned or hereafter acquired, and in lieu of any and all claims or rights in and to the estate which may arise or accrue by virtue of said marriage.

This language is all-inclusive, and leaves no room for construction by a court and clearly covers the provisions of this section.

The chief contention made is that it is against public policy to deny this set-off to the widow, even in the face of

this ante-nuptial agreement, found by the Probate Court and this Court to be fair, reasonable and valid, and fully performed by the decedent for some sixteen years.

In §10504-61 GC, the legislature, inter alia, has provided that election of a spouse to take under a will does not bar the exemption under §10509-54 GC, unless the will expressly otherwise directs. The public policy has thus been declared to permit the bar by will and there appears to be even stronger reason to uphold the bar of an ante-nuptial agreement found fair, reasonable, and fully performed for some sixteen years. We cite **Atwood, Exr. v Miller, 24 OO 398**, although a Probate Court case, finding language in the will, far less clear and convincing than the wording of the ante-nuptial agreement here, sufficient to bar the money exemption. And by his will this decedent expressly confirms this anti-nuptial agreement and requests it be carried out to the letter.

By inference, at least, **Juhasy v Juhasy, 134 Oh St, 257**, is consistent with holding the ante-nuptial agreement to be a bar. The validity of an ante-nuptial agreement was involved there, and the court found it was not properly attacked within the time limit set by §10512-2 GC, and, therefore, was valid, and not subject to attack, so that the lower court's refusal to set off the 20% exemption was permitted to stand.

If the widow may still claim the exemption in the face of a valid ante-nuptial agreement, the limitation of time fixed by the legislature within which to attack such agreements is, at least, with reference to the 20% exemption, rendered meaningless.

We, therefore, conclude that the ante-nuptial agreement, found to be fair, reasonable and by the decedent fully performed for some sixteen years, is sufficient to preclude the widow from receiving the exemptions provided by §10509-54 GC, and is a complete bar to setting them off to her.

For these reasons, the judgment is reversed. And final judgment here rendered for the appellants.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.