Morton, Appellant, *v.* Lutchin, Appellee.

(No. 7248—Decided May 15, 1950.)

*Mr. George S. Hawke,* for appellant.
*Mr. Joseph Schwartz,* for appellee.

*Per Curiam.* The plaintiff, an infant, purchased an automobile from the defendant. Upon arriving at majority, he disaffirmed the contract and demanded a return of the sum paid the defendant. This was refused because the plaintiff could not return the automobile, the same having been surrendered to a finance company upon its demand therefor and title transferred by plaintiff to it.

The general rule in Ohio is that an infant may rescind his contract not for necessaries and, upon disaffirmance, recover what he has paid. 21 Ohio Jurisprudence, 889, Section 28. The record fails to show the automobile was a necessity.

It is stated in 21 Ohio Jurisprudence, 896, Section 35, that misrepresentation as to a minor's age does not preclude disaffirmance. However, in *Mestetzko v. Elf Motor Co.,* 119 Ohio St., 575, 165 N. E., 93, it is held in the fourth paragraph of the syllabus:

"Where an infant purchases personal property not a necessity and as an inducement to the vendor to make the sale represents himself to be of lawful age and thereby deceives the vendor and causes the vendor to believe that he is in fact of lawful age and the contract is fair and free from fraud or other imposition and the infant elects to rescind upon reaching majority and sues to recover back the full amount paid without restoring the property purchased, the vendor may counterclaim as damages the fair value of the property not in excess of the purchase price if not restored, or, if restored, then the deterioration in value by use and abuse."

The defendant filed a counterclaim for the exact amount of the plaintiff's claim.

In the cross-bill of particulars it is stated:

"Now comes the defendant and says that if plaintiff is allowed to rescind his contract, then plaintiff is. guilty of a tort in the misrepresentation of his age to defendant, and has wrongfully deceived this defendant, and has to this day failed to return the motor vehicle, and has appropriated same to his own use, all to the defendant's damage in the sum of one hundred and seventy-five ($175) dollars and his costs herein expended."

The trial court, upon a motion of defendant for judgment, entered the following:

"Case called: Parties in court; trial had. Judgment that defendant go hence without day and recover of plaintiff his costs of suit. To all of which plaintiff excepts."

The plaintiff admitted that he had misrepresented his age to the finance company, but the bill of exceptions shows no answer to the question about misrepresentation of age to the defendant. The bill of exceptions shows the following:

"Q. You and your wife then signed the note mortgage all over again, and you didn't tell them you were a minor, you told them you were twenty-one? A. Yes.

"Q. When you bought the automobile you said you were twenty-one too?

"Mr. Hawke: I object.

"The court: Overruled."

No objection to the bill of exceptions appears to have been filed by the defendant.

Under these circumstances, the *Mestetzko case* cannot apply, the defendant having failed to show any misrepresentation of his age to the defendant at the time of purchase of the automobile.

It appears from the record that the defendant filed the answer and cross-bill of particulars, hereinbefore

referred to, to the original bill of particulars filed by plaintiff and that plaintiff filed a reply thereto. Thereafter, plaintiff filed by leave an amended cross-bill of particulars in which the original amount claimed was increased from $175 to $297.23, the difference being the amount paid the finance company. Of course, the defendant would not have to return that which he did not receive, and the record fails to sustain a claim for such amount. It is claimed by defendant that the parties stipulated that the original answer and cross-bill of particulars should apply to the amended bill of particulars. No such stipulation appears anywhere in the record.

At the conclusion of the plaintiff's evidence, defendant made a motion for dismissal. This raised only the question of the weight of the evidence. *Euclid Arcade Building Co.* v. *Stahl Co.,* 99 Ohio St., 47, 121 N. E., 820.

Under the state of the record, and having in mind the limitations upon this court in weighing the evidence introduced in the trial court, this court concludes that the cause should be remanded to the trial court, through the Court of Common Pleas, for a new trial.

*Judgment accordingly.*

Ross, P. J., HILDEBRANT and MATTHEWS, JJ., concur.