BURLOVIC ET AL., APPELLANTS, *v.* FARMER, ADMR., ET AL.,
APPELLEES.

(No. 22858—Decided November 9, 1953.)

*Messrs. Wallach & DeVine* and *Mr. D. F. Sammon,*
for appellants.

*Mr. M. S. Farmer,* for appellees.

SKEEL, J. This appeal comes to this court on questions of law from a judgment for the defendant in the Common Pleas Court of Cuyahoga County. The action is one seeking a declaratory judgment as to the validity and enforceability of a separation agreement

between the plaintiffs' son, now deceased, and the defendant Martha Burlovic. At the conclusion of the opening statements in which the pleadings were incorporated and the filing of stipulations of fact, the defendant moved for judgment, which motion was granted.

The allegations of the petition are that Joseph T. Burlovic, now deceased, and the defendant Martha Burlovic were married in Alabama July 12, 1950; that, at the time of said marriage, Martha Burlovic had no intention of living with the deceased as man and wife, but employed that means of escaping parental control; that upon arriving in Cleveland after the marriage she took up separate living quarters and supported herself by her own efforts; and that by reason of defendant's conduct in refusing to physically consummate said marriage, the deceased, who was the son of these plaintiffs, and the defendant Martha Burlovic entered into a separation agreement which reads as follows:

"This agreement made and entered into this 19th day of July, 1950, by and between Joseph Burlovic, first party and Martha Burlovic, second party, witnesseth: That, whereas, unhappy differences have arisen between the said two parties and they have agreed to live separate and apart from each other henceforth, and,

"Whereas, they are desirous of adjusting their marital rights,

"Now, therefore, it is hereby agreed that the party of the first part, and the second party shall immediately separate and shall release each other from all claims of any nature by reason of or arising out of said marital relationship, and the second party shall receive no alimony or support of whatever nature, and will not demand any rights accruing to her by reason of said marriage relationship."

It is alleged further that Joseph T. Burlovic died August 2, 1950, two weeks after the execution of the separation agreement, and that letters of administration were, upon application to the Probate Court of Cuyahoga County, issued to the defendant M. S. Farmer on September 22, 1950. Appraisers were appointed as provided by law, who allowed the defendant Martha Burlovic, as the surviving spouse of the deceased, an award of $500 as her statutory exemption out of the assets of her husband's estate, and $750 for her year's support. The petition alleges further that, although both defendants, to wit, Martha Burlovic and M. S. Farmer, administrator, who is also Martha Burlovic's attorney, knew of the separation agreement, they "failed to disclose the same to the Probate Court, or any other court."

The plaintiffs' petition concludes by alleging that the plaintiffs are respectively the father and mother of the deceased and (with the possible exception of Martha Burlovic) his sole surviving heirs; that they are informed that in contravention of the separation agreement the said Martha Burlovic claims a share in their son's estate, including the part found exempt from administration, and the year's allowance and unless restrained, the administrator will turn said sum of $500 over to her, together with any money left after paying funeral expenses and the costs of administration.

The prayer of the petition seeks a declaratory judgment holding that the separation agreement is valid, that the defendant Martha Burlovic be barred from any right as a surviving spouse and that the administrator be restrained from paying any money to her, but if it has already done so, that plaintiffs be granted a judgment against both defendants for any sums so paid.

The defendants filed separate answers. The administrator's answer admits the marriage in Alabama; the death of Joseph T. Burlovic; that he is the qualified and acting administrator of said deceased's estate; that $500 was set off by the appraisers as exempt from administration; that Martha Burlovic was granted $750 for her year's allowance as surviving spouse, and admits that there was a separation agreement of which both defendants had full knowledge, and that no action was commenced within six months from the appointment of the administrator to set aside such agreement. This defendant admits further that plaintiffs are the father and mother of the deceased, and, except for the widow's rights as surviving spouse, they are the heirs of said deceased. This defendant then denies any improper motives of the defendant Martha Burlovic or her failure to consummate the marital relation with the deceased, and alleges that said allegations are irrelevant and immaterial.

For his second defense, he alleges that defendant Martha Burlovic was a minor sixteen years of age when she was married and when she signed the separation agreement, and that she now disaffirms and revokes such agreement, wherefore the cause is prematurely brought.

Five other affirmative defenses are pleaded by this defendant wherein it is alleged that the Common Pleas Court is without jurisdiction to hear this case, for the reason that the Probate Court obtained jurisdiction of the proceeding and having appointed appraisers and approved their inventory and appraisal, without exceptions being taken by the plaintiffs, the claims of these plaintiffs are now judicially concluded; that the plaintiffs' lawyers having taken part in the appointment of the appraisers who set out the property exempt from administration, and the year's allowance

to the widow, and not having filed exceptions thereto, the plaintiffs are thereby estopped from asserting the claims set forth in plaintiffs' petition; that the plaintiffs are guilty of laches in bringing this action after the approval of the inventory and appraisal by the Probate Court; and that Section 2131.03, Revised Code (Section 10512-3, General Code), does not apply to a minor.

The defendant Martha Burlovic, through her guardian for the suit, sets forth the same defenses as are pleaded by the administrator and also alleges that she was induced to sign said separation agreement for the purpose of appeasing her deceased husband's parents; that a permanent separation was not intended by the parties; and that she acted on her husband's advice and would not have signed such agreement had she fully understood it would constitute a waiver of all her rights growing out of the marriage.

The plaintiffs filed replies, denying the affirmative allegations of both answers and such other claims inconsistent with the allegations of plaintiffs' petition.

Upon trial, the parties entered into stipulations of fact which were filed with the papers in the case, providing:

"1. M. S. Farmer is the duly qualified administrator of the estate of Joseph T. Burlovic, deceased;

"2. That said deceased and Martha Burlovic (now known as Martha Seymour) were married at Dothan, Alabama, July 12, 1950, at which time Martha Burlovic was sixteen years of age and at the time of trial was still a minor.

"3. That the deceased died August 2, 1950, at which time he was 23 years of age.

"4. That on September 22, 1950, letters of administration were granted by the Probate Court of Cuyahoga County to M. S. Farmer.

"5. That the appraisers set off to the widow, Martha Burlovic, the sum of $500 as exempt from administration, and a year's allowance of $750.

"6. That no action was taken within six months after the administrator was appointed to set aside the separation agreement.

"7. The separation agreement attached to plaintiffs' petition is a true copy thereof.

"8. That both the administrator and Martha Burlovic knew of the separation agreement but did not disclose its existence to the Probate Court.

"9. That the plaintiffs are respectively the father and mother of the deceased and, with the possible exception of Martha Burlovic, are the sole heirs of the deceased.

"10. That plaintiffs' attorney suggested the names of the appraisers to the court.

"11. That the inventory and appraisal were filed with the court by the appraisers on January 5, 1951, and was approved by the court on January 31, 1951, without objection or exception of the plaintiffs as to the amounts set off to Martha Burlovic.

"12. That the pleadings of the parties should be considered as their opening statements."

From the judgment entered for the defendants upon the pleadings, opening statements and stipulations of fact, the plaintiffs claim that the court committed error prejudicial to their rights in entering such judgment for the defendants.

Generally speaking, the contracts of an infant are not void but voidable. *Lemmon* v. *Beeman*, 45 Ohio St., 505, 15 N. E., 476; *Curtiss* v. *McDougal*, 26 Ohio St., 66. And the right to avoid contractual obligations is exclusively within the power of the infant or one who has the legal right to act in his stead. There are some contracts, however, that are binding upon him.

In the case of *Mestetzko* v. *Elf Motor Co.*, 119 Ohio St., 575, 165 N. E., 93, the third paragraph of the syllabus provides:

"Contracts of an infant *except those authorized by law*, those entered into in the performance of a legal duty and for the purchase of necessities are voidable at the election of the infant and may be disaffirmed by him at any time before or within .a reasonable time after reaching his majority." (Emphasis added.)

Contracts which are enforceable against an infant are gradually being expanded by legislative enactment.

Section 1903.08, Revised Code: Recognizances signed by minors, enforceable.

Section 3911.08, Revised Code: Insurance contracted for by minor fifteen years of age or older cannot be avoided by reason of minority alone.

Section 3109.02, Revised Code: Purchase of home and mortgaging same by veteran minor.

Section 3101.01, Revised Code: Who may contract matrimony. This section provides that females 16 years of age and males 18 years of age may join (contract) in marriage. (Minors must obtain consent.)

Under Section 3101.01, Revised Code, once the relationship of husband and wife is lawfully created, the contract of marriage is good and cannot be terminated except by divorce. In this case the deceased and the defendant Martha Burlovic were married in Alabama. Without proof of the law of Alabama, dealing with the right of infants to marry, it will be assumed that the law of that state is the same as is now in force in the state of Ohio. *Mendelson* v. *Mendelson,* 123 Ohio St., 11, 173 N. E., 615; 20 American Jurisprudence, 70, Evidence, Section 47.

In all events, the validity of the marriage is not chal-

lenged by the parties to this action. It follows that by Section 3103.06, Revised Code, the deceased and the defendant Martha Burlovic were authorized by law to enter into a separation agreement like the one here under consideration.

Section 3103.06, Revised Code (Section 8002-6, General Code), provides:

"A husband and wife cannot, by any contract with each other, alter their legal relations, except that they may agree to an immediate separation and make provisions for the support of either of them and their children during the separation."

The subject of the contract here under consideration is not against public policy in Ohio, as is true in some jurisdictions, by reason of the fact that the right to enter into a separation agreement is provided for by Section 3103.06, Revised Code, *supra.*

In the case of *Hoagland* v. *Hoagland,* 113 Ohio St., 228, 148 N. E., 585, the Supreme Court said:

"1. Where husband and wife, in contemplation of separation, enter into mutual covenants for release of dowe_ and distributive share, and as part consideration therefor the husband pays the wife the sum of $5,000, which she accepts, and separation occurs pursuant thereto, such contract, if made in accordance with the rules controlling actions of persons occupying confidential relations, is lawfully permitted under Section 8000, General Code.

"2. Sections 7999 and 8000, General Code, when construed together, permit a husband and wife, contemplating such separation, to enter into an engagement mutually releasing each other's right to dower and distributive share in the other's property; they are also authorized thereby to contract for the future support of either of them and their children during such separation."

Also, in the case of *Meyer* v. *Meyer,* 153 Ohio St.,

408, 91 N. E. (2d), 892, the court said in the second paragraph of the syllabus:

"On separation, a husband and wife may enter into an agreement mutually releasing their respective rights to dower and distributive shares and releasing each other from claims for care, support or maintenance."

See, also, 14 Ohio Jurisprudence, 556, "Divorce and Separation," Section 155.

Whether or not under the circumstances of the case the provisions of the separation agreement here under consideration were fair and reasonable did not engage the court's attention. The trial court simply held, before any evidence was offered on that question. that because it was admitted that the defendant Martha Burlovic was an infant when she signed the separation agreement and was still under age upon trial, she had the right to disaffirm the agreement and in doing so was entitled to her rights as provided by law, as the surviving spouse of her deceased husband.

The statute does not distinguish between married persons who have attained the age of 21 years and those who have not. It refers to those who are husband and wife, and that relationship can be lawfully assumed by persons under 21 years of age (Section 3101.01, Revised Code, *supra*). The contract of separation being one authorized by law, it is therefore binding on the parties and cannot be avoided by the defendant Martha Burlovic, for the sole reason that she was not of age when the contract was made and has not, as of the date of trial, yet reached her majority.

One other reason requires us to reverse this judgment. The Probate Court is, by the Constitution of Ohio, vested with sole jurisdiction to administer estates. (Sections 1, 7 and 8 of Article IV.) A complete administrative code has been established by the Legis-

lature, known as the Probate Code, spelling out each step to be taken in the administration of the estate of a deceased person. As a part of that code, Section 2131.03, Revised Code, provides as follows:

"Any antenuptial or separation agreement to which a decedent was a party is valid unless action to set it aside is begun within six months after the appointment of the executor or administrator of the estate of such decedent, or unless within such period the validity of such agreement is otherwise attacked."

This statute is a part of the Probate Code. The limitation provided for is effective only in the event of the death of one of the parties to an antenuptial or separation agreement. It (the statute, Section 2131.03, Revised Code, *supra*) provides that action to set aside such agreement must be commenced within six months after the appointment of the administrator. It is admitted by the stipulations of fact that this was not done.

On behalf of the defendant Martha Burlovic, it is contended that until she reaches her majority she has the right to disaffirm such contract and by her answer to plaintiffs' petition does disaffirm the separation agreement.

It is to be noted that there is no saving clause provided for by this statute, tolling its operation in case of disability (including minority) (Section 2131.03, Revised Code). Until one who is a party to a separation agreement and who is a surviving spouse in such estate takes action to set the separation agreement aside, it remains binding on one not of age at the time of the appointment of an executor or administrator. The failure of the Legislature to exempt persons under disability is fatal to the defendant Martha Burlovic's contention.

In the case of *Favorite* v. *Booher's Admr.*, 17 Ohio

St., 548, paragraph 1b of the headnote, found in the Century Edition annotated, is as follows:

"The general rule in regard to the application of statutes of limitation is, that all persons, whether under disability or not, are barred by them, unless excepted from their operation by a saving clause."

And at page 554 the court said:

"Nor will the fact that the creditor is under the disability of infancy save him from the operation of the bar which the statute interposes.

"The general rule in regard to the application of statutes of limitation is, that all persons, whether under disability or not, are barred by them, unless excepted from their operation by a saving clause. General words of a statute are to receive a general construction, and unless there is found in the statute itself some ground for restraining it, it cannot be restrained. Angell on Lim. Sec. 194."

The holding in that case has never been overruled by the Supreme Court and was followed by Washburn, J., of the Ninth District Court of Appeals in the case of *Breen, Admx.,* v. *Conn et al., Exrxs.,* 64 Ohio App., 325, 28 N. E. (2d), 684, where in the syllabus it is provided:

"The provisions of Section 10509-112, General Code, requiring the filing of a claim against an administrator as a condition precedent to the bringing of an action against him on the claim, apply to a suit brought by a minor on such a claim, and the disability of infancy will not save him from the operation of the statute; and a petition by or for the benefit of a minor on such a claim which does not allege that the claim has been so presented, does not state facts sufficient to constitute a cause of action."

It is to be noted that in the chapter on Limitation of Actions in the Revised Code of Ohio, the Legislature

found it necessary to provide a saving clause against absence from the state, self-concealment and the effect of certain disabilities including minority. Likewise, in the Probate Code, Section 2107.23, Revised Code, time for contesting a will; Sections 2107.39 to 2107.45, inclusive, Revised Code, dealing with the right to elect whether the surviving spouse will take under the law or under the will; Section 2117.07, Revised Code, dealing with filing of claims; and Section 2117.41, Revised Code, dealing with actions against heirs and devisees, all provide certain exceptions to the running of the statute in case of stated disabilities.

Section 2131.03, Revised Code, as above indicated, provides no exception as to the time within which action must be brought to challenge the validity of a separation agreement. We hold, therefore, under the stipulations of fact, the defendant Martha Burlovic, having failed to bring action to set aside the separation agreement within six months of the appointment of an administrator of her deceased husband's estate, is, under the provisions of Section 2131.03, Revised Code, bound by the agreement.

The contention that the Common Pleas Court cannot now take jurisdiction of the case because the Probate Court having taken jurisdiction of the probate proceedings is now vested with exclusive jurisdiction of all questions to be litigated in the case, and the failure of plaintiffs to object to the confirmation of the appraisers' return, is a complete bar to this action, cannot be supported. The appraisers have no power to deal with the validity of a deceased person's separation agreement.

In the case of *Keever* v. *Brown, Exrx.,* 36 Ohio App., 1, 172 N. E., 626, in the second paragraph of the syllabus, the court said:

"The administrator of an estate should make his

inventory, including the statutory set-offs, notwithstanding the claimed existence of an antenuptial contract that would defeat such set-offs. The order of the Probate Court requiring such inventory is not an adjudication that there is no such antenuptial contract, nor is it an interpretation of such contract.''

The approval of the inventory and appraisal by the court does not finally adjudicate the validity or invalidity of a separation agreement or the question of whether a surviving spouse has, by such contract, lost the right to participate in the estate of his deceased spouse, to the extent of the property exempt from administration under Section 2115.13, Revised Code, or for the year's allowance under Section 2117.20, Revised Code.

In the case of *Scott* v. *Mofford,* 64 Ohio App., 457, 28 N. E. (2d), 947, the second paragraph of the syllabus provides:

''Inclusion of the real estate in the inventory of the grantor's estate, to which no exception was filed and no actual hearing conducted by the Probate Court, is not *res judicata,* and does not estop the grantee from asserting title to the real estate.''

And at page 459 the court said:

''The primary purpose of an inventory is to furnish a list of the property which appears to belong to the decedent and a valuation thereof. It is made on an *ex parte* investigation and clearly binds no one. Where no exceptions are filed to it, there is no judicial inquiry at all. It is only when exceptions are filed and the jurisdiction of the Probate Court is invoked to inquire into the validity of the schedule of property that the proceeding takes on the character of litigation.''

It has been almost universally held that, where, by the terms of a separation agreement, all rights of the

surviving spouse in the estate of his deceased spouse are waived, such waiver includes that portion of such estate as is by law exempt from administration by statute.

In the case of *Cohen* v. *Cohen*, 82 Ohio App., 260, 80 N. E. (2d), 813, the court held:

"An antenuptial agreement found to be fair, reasonable and by the decedent fully performed for some sixteen years is sufficient to preclude the widow from receiving the exemptions provided by Section 10509-54, General Code, and is a complete bar to setting them off to her."

See, also, *In re Prudenzano's Will* (1949), 116 Vt., 55, 68 A. (2nd), 704, where, in the fourth paragraph of the syllabus, it is stated:

"A widower's statutory rights in his deceased wife's estate may be barred in equity by a postnuptial contract, made after separation or in contemplation of an immediate separation which takes place as contemplated, provided that the bargain is fair and equitable in view of the circumstances of the parties."

See, also, *Matter of Baratta,* 199 Misc., 246, 102 N. Y. Supp. (2d), 766.

*In re Estate of Winter* (1948), 164 Kan., 615, 192 P. (2d), 186, where, in the second headnote in Pacific Reporter it is provided:

"Postnuptial contracts fixing property rights between husband and wife, freely and intelligently made and just and equitable in their provisions, may effectively dispose of homestead rights and other allowances granted to surviving spouse under statute."

We must therefore hold that by the provisions of the separation agreement the defendant waived any right to her husband's estate set off to her by statute.

The Common Pleas Court was vested with jurisdiction to entertain this action for a declaratory judgment, by reason of the declaratory judgment act, Sec-

tions 2721.01 to 2721.15, inclusive, Revised Code. *Radaszewski* v. *Keating, Exrx.,* 141 Ohio St., 489, 49 N. E. (2d), 167.

For the foregoing reasons, the judgment of the Common Pleas Court is reversed and final judgment entered for the plaintiffs.

*Judgment reversed.*

HURD, P. J., and KOVACHY, J., concur.