Stewart, J.
Many issues have been injected into the present case, which, in view of the conclusion to which we have come, need not be discussed. For example, respondent contends that the Common-Pleas Court had no jurisdiction to determine the custody of the minor children of petitioners, for the reason that under Section 2151.23, Revised Code, the Juvenile Court has exclusive original jurisdiction to determine the custody of a child not a ward of another court; that, therefore, the Court of Appeals had no jurisdiction except to affirm the. judgment of the trial court; that the Court of Appeals had no authority to substitute its judgment for that of the trial court as to the welfare and best interests of the minor children, where there is substantial evidence to support the finding of the trial court; and that, in a habeas corpus action brought by parents against an institution such as respondent to regain custody of minor children, the institution may defend upon the ground that the welfare and best interests of the children require that the custody and control of the children remain with the institution.
*340 In onr view, we have but one question before us, and that is the construction of Section 5103.15, Revised Code, which reads as follows:
“The parents, guardian, or other persons having the custody of a child, may enter into an agreement with any association or institution of this state established for the purposes of aiding, caring for, or placing children in homes, which has been approved and certified by the Division of Social Administration, whereby such child is placed in the temporary custody of such institution or association; or such parent, guardian, or other person may make an agreement surrendering such child into the permanent custody of such association or institution, to be taken and cared for by such association or institution, or placed in a family home.
“Such agreements, provided for in this section, shall be in writing, on forms prescribed and furnished by the division, and may contain any proper and legal stipulations for proper care of the child, and may authorize the association or institution when such agreements are for permanent care and custody to appear in any proceeding, for the legal adoption of such child, and consent to its adoption, as provided in Section 3107.06 of the Revised Code. The adoption order of the judge made upon such consent shall be binding upon the child and its parents, guardian, or other person, as if such persons were personally in court and consented thereto, whether made party to the proceeding or not.”
It will be noted that the foregoing section has no connection with the law with reference to Juvenile Courts, the statutes concerning which are Sections 2151.01 to 2151.54, inclusive, together with Sections 2151.55, 2151.99 and 2153.01 to 2153.17, inclusive, Revised Code.
The statute under consideration is in the chapter, “Division of Social Administration,” which division is under the Department of Public Welfare.
The minor children in the present case have never been under the control of the Juvenile Court. No complaint has ever been made against them in such court, nor have they ever been found to be neglected or dependent. Their and their parents’ status is determined by statute, without reference to any jurisdiction of the Juvenile Court.
*341 There is no dispute in the present case that the parents of the minor children did place their temporary custody with respondent, which it is conceded is an institution of this state, established for the purpose of aiding, caring for and placing children in homes and has been approved and certified by the Division of Social Administration; and that after such placement the petitioners withdrew the children from such custody and thereafter made agreements surrendering the children into the permanent custody of respondent, which surrenders were accepted by respondent and the children placed in a family home for the purpose of adoption.
It is undisputed further that the agreements for permanent surrender were in writing, on a form prescribed and furnished by the Division of Social Administration, and that such agreements authorized the respondent to appear in any proceeding for the adoption of the children and consent to the adoption, as provided in Section 3107.06, Revised Code.
Petitioners contend that, even though they surrendered their children into the permanent custody of respondent, nevertheless they have a right to revoke such surrenders at any time before an interlocutory or permanent order of adoption is entered by the Probate Court, since Section 3107.06, Revised Code, provides that consents to adoption may not be withdrawn after the entry of such interlocutory order or final decree.
Petitioners’ argument seems to be that, since they, as parents, could withdraw their consents to adoption, if they had given them in a proceeding for adoption in the Probate Court, at any time before the interlocutory order or .final decree of adoption, they have the right to revoke the permanent surrenders of custody to respondent and to revoke the authority of respondent to consent to the adoption of the minor children. The Court of Appeals supported petitioners’ contention upon the authority of two cases, to wit, In re Adoption of Kane, 91 Ohio App., 327, 108 N. E. (2d), 176, and French v. Catholic Community League, 69 Ohio App., 442, 44 N. E. (2d), 113.
The Kane case undoubtedly supports petitioners’ contention and the judgment of the Court of Appeals, although the French case does not, for the reason that in the latter case the offer of the parents of minor children to make a permanent *342 surrender of their custody was withdrawn before the association to which the surrender was proposed had accepted it.
Respondent, on the other hand, contends that the permanent surrenders of petitioners’ minor children, executed by petitioners to respondent which accepted such surrenders, constitute irrevocable contracts under Section 5103.15, and we are of the opinion that such contention is legally sound. If an agreement for such permanent surrender can be withdrawn, it would seem silly to provide in the section for both a temporary surrender and a permanent surrender. There would be no difference between them.
In the permanent surrenders, respondent is authorized to appear in any adoption proceeding in the Probate Court, and the statute provides that an adoption order made by the probate judge, upon the consent of the respondent, shall be binding upon the children and their parents as if they were personally in court and consented thereto, whether parties to the proceeding or not.
Petitioners contend that, because a consent to adoption may be withdrawn before an order by the Probate Court, a consent to permanent custody may likewise be withdrawn before such an order.
The succinct and complete answer to that contention is that' Section 3107.06, Revised Code, recognizes the right of withdrawal of consent, whereas Section 5103.15, Revised Code, does not. Where a permanent surrender has been made in compliance with the latter section, the institution to which the surrender is made is permanently in loco parentis so far as the minor children and their parents are concerned. It is the institution thereafter which may appear in any proceeding for adoption and which may give its consent or withdraw the same before the order of adoption is made, and the parents, having permanently surrendered their children to the institution, are no longer even necessary parties to any adoption proceeding. A temporary surrender may, of course, be revoked, but a permanent surrender is exactly what its name signifies — one made forever.
It is arguable that such a permanent surrender can be rescinded by the agreement of. both parties thereto or may be set *343 aside like any other agreement, if induced by fraud or misrepresentation, but the present case is not an action to set aside the agreements for permanent surrender, with which we are concerned, but is a habeas corpus action to accomplish a revocation of the surrenders and regain custody of the children. Under the plain unambiguous wording of Section 5103.15, Revised Code, this can not be accomplished in such an action.
The contention of petitioners, that the permanent surrenders of their minor children, made by them, are voidable, for the reason that the mother at the time of executing the permanent surrenders was under 21 years of age, and that the surrender contracts are not binding as to her, is without merit.
Section 5103.15, Revised Code, requires that the party signing a permanent surrender contract must be “a parent or guardian or other party having custody of a minor child. ’ ’ The statute does not limit the signing to adult parents, and a contract authorized by law is not voidable upon the ground of infancy unless the law so provides. Burlovic v. Farmer, Admr., 162 Ohio St., 46, 120 N. E. (2d), 705. Cf. Mestetzko v. Elf Motor Co., 119 Ohio St., 575, 165 N. E., 93.
The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas, remanding custody to respondent, is affirmed.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Taft, JJ., concur.