EVENS, Appellant, v. EVENS, et ux, Respondents.

(226 N. W. 725.)

(File No. 6891. Opinion filed September 20, 1929.)

*Caldwell & Burns*, of Sioux Falls, for Appellant.
*Kirby, Kirby & Kirby*, of Sioux Falls, for Respondents.

BROWN, J. Mathias P. Evens was the husband of plaintiff and the son of defendants. In a divorce action between him and his wife, the plaintiff herein, a stipulation was entered into regarding property, whereby Mathias agreed to pay his wife $1,500, and the further sum of $50 a month for her support so long as she should live and not remarry, but, in the event that a divorce should be granted, and she should remarry, no further payment should be made. The stipulation further provided that, if a divorce should be granted, the judgment should contain in substance the provisions set out in the agreement. The defendants in this action signed a guaranty of the agreement, in the following language: "The undersigned hereby guaranty the full performance by Mathias P. Evens of the above and foregoing agreement."

On the trial of the action on July 12, 1922, a divorce was granted, and the provisions for the agreement were incorporated in the judgment of divorce. Mathias P. Evens made the payments of $50 a month up to and including that which became due on October 1, 1928, but failed to make any payment subsequent to that date. Plaintiff has not since remarried, and at the time of the commencement of this action three monthly payments were in default, for the recovery of which this action was brought against the defendants under the guaranty hereinbefore referred to. To a complaint setting forth the foregoing facts, defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, and from an order sustaining the demurrer plaintiff appeals.

Rev. Code 1919, § 172, provides: "A husband and wife cannot, by any contract with each other, alter their legal relations, except as to property, and except that they may agree in writing to an immediate separation, and may make provision for the support of either of them and of their children during such separation."

Respondent contends that the duty of a husband to support his wife in futuro is a "legal relation" which cannot be altered by any contract between a husband and wife; that they may contract as to property if they agree to an immediate separation, but that future support is not property, and any contract in regard thereto is therefore in violation of statute, contrary to public policy and void. Properly speaking, the duty of a husband to support his wife is not a legal relation, but is a duty arising out of a legal

484

relation, and we know of no reason why, in view of a contemplated separation or of the possible result of an action for divorce, the parties to such an action may not lawfully contract for the support of the wife in the event that a divorce should be granted.

Rev. Code 1919, § 169, provides that a husband must support himself and his wife out of his property or by his labor. An agreement by him to do that which the law makes it his duty to do cannot be contrary to public policy.

It is further contended that the judgment of divorce put an end to, and superseded the contract, but we do not think this contention can be sustained. It is a general rule that a cause of action is merged in a judgment obtained thereon, but the future support of the wife was not the cause of action in the divorce proceeding. Besides, the doctrine of merger of a cause of action in the judgment will not be carried further than the ends of justice require. The judgment does not deprive the judgment creditor of his right to avail himself of a lien or security held for the obligation. 34 C. J. 754. The fact that the provisions of the stipulation between Mathias P. Evens and his wife were incorporated in the judgment did not release the guarantors from their obligation under the guaranty. When they signed the guaranty, they knew that it was contemplated that the provisions of the agreement they had guaranteed should be incorporated in the judgment, if a divorce should be granted, and to hold that the giving of the judgment discharged them from their obligation would be to say that they assumed the obligation and signed the guaranty on the supposition that they were going through a meaningless and idle ceremony.

The order appealed from is reversed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.