Matthias, J.
 

 The primary question presented by the record is the effect of the divorce decree entered subsequent to the execution of the separation agreement.
 

 The Court of Appeals apparently entertained the view that the separation agreement was valid and binding only during the period of the separation of the parties while still husband and wife. In that
 
 *13
 
 court, as also in this court, there was some discussion of the law of the state of Pennsylvania, the separation agreement concededly having been executed in that state; but there is neither pleading nor proof of the law of Pennsylvania, and it is well settled that in the absence of pleading and proof to the contrary the presumption obtains that the law of the place where the contract involved was executed is the same as the law where enforcement thereof is sought. “Where an action or defense depends upon the law of another state, and that law has not been proved, the court will presume it to be the same as that which is in force in its own jurisdiction.” 2 Sutherland on Statutory Construction, Lewis’ Second Ed., page 610, etc.;
 
 Erie Rd. Co.
 
 v.
 
 Welsh,
 
 89 Ohio St., 81, 105 N. E., 189.
 

 Agreements such as that here presented are authorized by the provisions of Section 8000, General Code. Full authority for husband and wife to enter into any engagement or transaction is conferred by Section 7999, General Code, and that right is limited only by the provisions of Section 8000, General Code.
 
 Hoagland
 
 v.
 
 Hoagland,
 
 113 Ohio St., 228, 148 N. E., 585. Section 8000, General Code, is as follows: “A husband and wife can not by any contract with each other alter their legal relations, except that they may agree to an immediate separation, and make provisions for the support of either of them and their children during the separation.”
 

 The separation agreement involved herein was valid and binding when made. Does the phrase “during the separation” comprehend the period of actual separation as husband and wife both prior to and subsequent to the divorce, or does the “separa
 
 *14
 
 tion” contemplated by the provisions of this statute cease upon the entry of a divorce decree?
 

 In the consideration of this question we need not be concerned with the statutory provisions which require the care and maintenance' of a child by his parent, from which duty the latter cannot relieve himself- by contract. This is a plain, simple, valid contract wherein the one party binds himself to pay to the other a stipulated compensation for a stated service which the latter claims to have fully performed and now seeks compensation in accordance with the terms of the agreement. We are unable to read into its terms any modification by reason of the provisions of the statute above quoted which would have the effect of limiting the express obligation to only a portion of the period of actual separation. As between the parties themselves such a limitation could have been expressly made. It is not supplied by this statute.
 

 Neither the fact of divorce subsequent to the execution of the separation agreement nor the nature of the decree entered in the divorce proceeding serves to relieve the defendant from the express obligation of his written agreement. The provision of that decree that “thereupon all and every the duties, rights and claims accruing to either the said Esther Mendelson or the said Harry Mendelson, at any time heretofore in pursuance of said marriage, shall and do cease and terminate,” is quite apparently the formal language of the decree in such cases and does not indicate a consideration or contemplate the adjudication of any rights growing out of the separation agreement theretofore entered into.
 

 The conclusion above announced is supported not
 
 *15
 
 only by reason, bnt by authority.
 
 Miller
 
 v.
 
 Miller,
 
 284 Pa., 414, 131 A., 236;
 
 Muhr’s Estate,
 
 59 Pa. Super. Ct., 393;
 
 Carey
 
 v.
 
 Mackey,
 
 82 Me., 516, 20 A., 84, 9 L. R. A., 113, 17 Am. St. Rep., 500;
 
 Hertz
 
 v.
 
 Hertz,
 
 136 Minn., 188, 161 N. W., 402;
 
 Pryor
 
 v.
 
 Pryor,
 
 88 Ark., 302, 114 S. W., 700, 129 Am. St. Rep., 102;
 
 Halstead
 
 v.
 
 Halstead,
 
 74 N. J. Eq., 596, 70 A., 928;
 
 Evens
 
 v.
 
 Evens,
 
 55 S. D., —, 226 N. W., 725;
 
 Brown
 
 v.
 
 Brown,
 
 83 Cal. App., 74, 256 P., 595.
 

 However, the Court of Appeals having announced in its entry that it found the judgment of the court of common pleas “contrary to the law and the evidence,” this court, not considering the question of the weight of the evidence, necessarily affirms the judgment of the Court of Appeals remanding the case to the court of common pleas for further proceedings in accordance with law.
 
 Mestetzko
 
 v.
 
 Elf Motor Co.,
 
 119 Ohio St., 575, 165 N. E., 93.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkabe, Robinson, Jones, Day and Allen, JJ., concur.