## LUTTON v MOUNT IDA SCHOOL, INC

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12492. Decided March 20, 1933

W. B. Lutton, Cleveland, E. C. Theller, Cleveland, for plaintiff in error.

Cannon, Spieth, Taggart, Spring & Annat, Cleveland, for defendant in error.

LEVINE, J.

We deem the consideration of the question as to the admissibility of the evidence offered in behalf of defendant in error as to what is the law of Massachusetts, and also the manner in which it was introduced, as the important question before us.

An examination of the pleadings discloses that nowhere either in the petition, answer and cross-petition or in the reply was there any allegation made as to the law of Massachusetts applicable to this case. There is no dearth of law on the subject. In **Erie R. R. Company v Welsh, 89 Oh St 81,** the court held:

"1. In the courts of this state the presumption obtains that the law of the forum controls the rights of the parties to the litigation.

2. Where it is claimed by either party that the law of another state or of the United States applies to the exclusion of the law of the forum, the facts upon which such claim is based must be pleaded.

3. Our state courts will take judicial notice of all federal laws. Therefore, it is not necessary that these laws should be pleaded, but only the facts that bring the case within their operation. If it be claimed that the law of another state·controls, then the law of that state must be pleaded.

4. The determination of the existence of such facts when denied by answer or reply

is a question for the jury, and when no such issue is joined in the pleadings, evidence will not be received either to prove or disprove the same, but the presumption will obtain that the law of the forum applies."

In **Williams v Findlay, 40 Oh St 343,** the court held:

"The laws of another state, when they come in question in the courts of this state, must be pleaded and proven as matters of fact."

In the case of **Louisville & National R. R. Company v Green, Admr., 113 Oh St 550,** quoting from the opinion:

"It has been held by repeated decisions of this court that the Ohio courts may not take judicial notice of the statutes of a foreign or sister state but that the latter must be pleaded and proven if recovery is based thereon."

In **Mendelsohn v Mendelsohn, 123 Oh St page 11,** syllabus 1, the court held:

"In the absence of pleadings and proof to the contrary, the presumption obtains that the law of the place where a contract was executed is the same as the law where enforcement thereof is sought."

In **Yeazel v Louisville & National R. R. Company et, 13 Oh Ap 499,** held:

"The law of a foreign jurisdiction is a matter of fact and should be pleaded and proven."

As a general rule, the laws of another country, as well as another state are unknown to the courts of the state in which the action is brought, and, where such statutes are material to ,the controversy, and are relied on as a basis of a right of action or as a defense, they must be set forth by the pleader that the court may judge of their effect. Where such foreign laws are not pleaded or proven, the presumption obtains that they are the same as the laws of the forum. And it is also a rule that the existence and terms of the statutes of other states cannot be proven unless pleaded. 21 R.C.L. 438-39.

In view of the settled law above cited, and considering the state of the pleadings in the case at, bar, which show conclusively that no allegation whatsoever was made of

the law of the state of Massachusetts, the presumption obtains that the law of Ohio controls the rights of the parties to this litigation. No issue was joined in the pleadings upon that question and it follows that evidence cannot be received either to prove or disprove the same, as the presumption obtains that the law of the forum applies.

Had the defendant in error pleaded the law of the state of Massachusetts as a basis of recovery in this case, an opportunity would have been afforded to plaintiff in error to deny either the existence or applicability of such law. The admission of such evidence against repeated objections and exceptions, in view of the state of the pleadings, constitutes, in our opinion, reversible error. It will be seen from an examination of the charge of the court that the question of the existence of the law of Massachusetts relating to the subject matter in controversy was not submitted to the jury as a question of fact. Had issue been joined upon that point in the pleadings, the court would have been duty bound to submit this question of the existence of the law of Massachusetts as a question of fact to be decided by the jury. Had issue been joined upon this question of fact, the failure of the trial court to submit it to the jury as a question of fact would, in itself, have constituted reversible error. The trial court was undoubtedly correct in not submitting the question of the existence of the law of Massachusetts to the jury as a question of fact, because no issue had arisen upon that point one way or the other in the pleadings, as neither party made any reference to the law of Massachusetts. It becomes quite apparent, since no issue arises on this question, upon a perusal of the pleadings, that the court committed error in permitting the introduction of evidence as to the law of Massachusetts.

We hold that the court was in error in admitting such evidnece.

Was the erroneous admission of this evidence prejudicial? It must be observed that the testimony of the witness, MacGill, consisted in the main of reading of the decision of the Supreme Court of Massachusetts in the case entitled International Text Book Company v Martin. The recital of facts given in the decision of the court shows that it dealt with a dispute arising between the proprietor of a correspondence school and a subscriber, under a contract in writing entered into between the parties. The concluding statement of the Massachusetts opinion reads:

"Held, that the agreement of the subscriber to pay the stipulated price for a scholarship was an independent promise and that therefore the proprietor of the school is entitled to recovery of all unpaid installments and was not limited merely to the damages sustained by reason of the subscriber's breach of contract."

To an untutored jury, composed of men and women who are not lawyers, the decision of the Supreme Court of the state of Massachusetts, in a dispute similar to the dispute in the case at bar, which arose between the proprietor of a correspondence school and a subscriber under a contract in writing between the parties, assumes rather august importance. The probability is very strong that the decision of the Supreme Court of Massachusetts read to them and admitted in evidence by the court, had, under the circumstances, a very material influence upon their verdict.

We have thus far dealt with the question of the admissibility of foreign law when the same was not alleged in the pleadings. Assuming for the sake of argument that the evidence was admissible, we gravely question the qualifications of Mr. MacGill who, while admitted to the bar, had not been engaged in the practice of the law for quite a long time preceding the appearance on the witness stand. A fair interpretation of his testimony leads to but one conclusion, that he depends entirely upon the opinion of the Supreme Court of Massachusetts in the case of International Text Book Company v Martin. He read from 221 Massachusetts, page 1, and recited the language used by the court in its decision. He had no other basis for his opinion excepting the opinion of the Supreme Court of Massachusetts which he read to the jury.

Under §11499 GC, it would have been proper to offer in evidence the volume of the law in which the opinion is contained. In this case the offer to introduce the volume itself was withdrawn but the court, nevertheless, permitted the statement read from it to remain in evidence. §11499 GC provides that the common or unwritten law of a foreign state may be proven as facts by parole evidence. Books of reported cases adjudicated in its courts also may be admitted as presumptive evidence of such law. Had the trial court permitted the introduction of the volume containing the Massachusetts decision, and had the same not been withdrawn from the evidence, such action would have been quite proper under the provisions of §11499 GC.

It seems to us very doubtful, in view of the fact that the volume containing the Massachusetts decision had been withdrawn from the evidence, whether the court should have permitted the matter read from said volume to remain in evidence. While questioning the ruling of the court which permitted the matter read from the Massachusetts volume to remain in evidence, when the volume itself was withdrawn, we are however, not basing our judgment of reversal upon that point but instead we place reliance upon the proposition that evidence of foreign law is inadmissible when the pleadings do not contain an allegation bearing upon that point.

Judgment reversed and cause remanded for further proceedings according to law.

LIEGHLEY, PJ, and McGILL, J, concur in judgment.