## BAID'S, INC v FRANKEL

Ohio Appeals, 6th Dist, Erie Co

Decided April 26, 1937

H. L. Peeke. Sandusky, for appellant.

King, Flynn & Frohman, Sandusky, and John Py, for appellee.

## OPINION

By OVERMYER, J.

This cause originated in the Municipal Court of the city of Sandusky, Ohio, where the appellant, Baid's Inc., of New York City, brought an action against appellee, W. S. Frankel, doing business as W. S. Frankel Company, claiming the sum of $97.50 due on a contract for furnishing certain advertising material for the Frankel store.

The Municipal Court found on trial in favor of the defendant on the ground that the plaintiff had no right to sue in Ohio, it being a foreign corporation unauthorized to do business in Ohio, and costs were assessed against plaintiff. On appeal to the Common Pleas Court by plaintiff, the issues were joined and on trial a jury was waived and the cause submitted to the court. At the conclusion of all the evidence, that court sustained a motion for judgment in favor of defendant and dismissed the petition on the ground that the evidence disclosed that the plaintiff corporation had been voluntarily dissolved, as shown by the records of the Secretary of State of the state of New York on October 31, 1935, and "that in the absence of any showing whatsoever as to the legal effect under the laws of New York state of such dissolution, it follows that the motion so tendered by the defendant must be sustained." The court thereupon entered judgment for the defendant and dismissed the petition, assessing costs against plaintiff.

From the judgment so entered the plaintiff appeals to this court on questions of

law, and the same has been here submitted on the bill of exceptions, briefs and arguments of counsel.

The legal existence of plaintiff corporation was specifically denied in the answer of defendant, and it is the claim of defendant that it was thereupon the duty of the plaintiff to prove the existence of the plaintiff corporation and its right to bring the action after dissolution, and that no allegation as to laws of the state of New York having been made by plaintiff and no proof offered on that subject, that the court was therefore correct ▆▆▆▆▆ in directing a verdict for defendant. This is not the law of Ohio covering the situation here presented.

The most recent decision of the Supreme Court of our state on the subject is found in the case of **Mendelson v Mendelson, 123 Oh St 11,** 173 NE 615, where the court says, in the first paragraph of the syllabus:

"In the absence of pleading and proof to the contrary the **presumption obtains** that the **law** of the place where a contract was executed is the same as the law where the enforcement thereof is sought." (Emphasis ours).

In the body of the opinion the court says at page 13: "* * *; but there is neither pleading nor proof of the law of Pennsylvania, and it is well settled that in the absence of pleading and proof to the contrary the presumption obtains that the law of the place where the contract involved was executed is the same as the law where the enforcement thereof is sought." (Emphasis ours).

The court cites the following:

" 'Where an action or defense depends upon the law of another state, and that law has not been proved, the court will presume it to be the same as that which is in force in its own jurisdiction'." (Emphasis ours). 2 Sutherland on Statutory Construction, Lewis' (2 Ed.) 610, etc.; **Erie Rd. Co. v Welsh, 39 Oh St 81,** 105 NE 189

See also **Lutton v Mount Ida School, Inc., 44 Oh Ap 322,** (14 Abs 323) 185 NE 429; Barrielle v Bettman, 199 F. 838, 840. Now what is the law of Ohio ▆▆▆▆▆ with reference to the rights of a dissolved corporation? **Sec 8623-80, GC,** provides in part:

"Any corporation which shall be dissolved and any corporation whose articles have been cancelled shall cease to carry on its business and shall be without authority so to do, but it shall continue for the sole purpose of paying, satisfying and discharging any existing liabilities and obligations, collecting and distributing its assets and doing all other acts required to adjust, settle and wind up its business and affairs, and it may do all such acts and may sue and be sued in its corporate name."

The Supreme Court in the decisions above referred to says nothing about "common law" or "statute law," but says the "law", hence our emphasis.

In many early decisions of other states it appears to have been the holding that the presumption above referred to obtained only as to the common law and not to statutory law, although there was respectable authority to the contrary. The later cases from various states, and among them seems to be our state, take the view that the statute of a sister state will be presumed to be similar to that of the forum, in the absence of proof to the contrary. 10 Ruling Case Law, 893, 894, 895.

The latter view seems to us the more sound and logical. It is a matter of general knowledge that the states of the Union later formed have almost universally copied and followed the constitutions and statutory enactments of the states first formed. It is also generally known that the states of the Union now universally have statute law covering the rights, obligations and liabilities of such legal organizations as are purely creatures of statute law, such as commercial corporations.

We hold that the court below was in error in entering judgment dismissing the petition and overruling the motion for new trial. The judgment will be reversed and the cause remanded for further proceedings.

Judgment reversed and cause remanded.

LLOYD and CARPENTER, JJ, concur.