TEFFT, APPELLEE, v. TEFFT, APPELLANT.

(No. 3590—Decided November 19, 1943.)

Mr. John C. Grimm, for appellee.

Messrs. Buckingham, Doolittle & Burroughs, for appellant.

WASHBURN, J. This is an appeal on questions of law from the Court of Common Pleas, which, in a like proceeding, affirmed the judgment of the Municipal Court.

In the Municipal Court this cause was tried upon an agreed statement of facts, which is in the record as a part of the bill of exceptions allowed by the trial court.

Appellee was the plaintiff in the trial court, and will be hereinafter referred to as "plaintiff," and the appellant will be referred to as "defendant."

Plaintiff and defendant were wife and husband. Plaintiff brought suit for divorce against the defendant in September, 1940, and in October, 1940, filed an amended petition in which she prayed for an order for temporary alimony and to restrain the defendant from molesting her, and for a divorce and "sufficient permanent alimony, together with such other relief as the court may see fit."

No answer or other pleading was filed by the defendant, but on December 7, 1940, plaintiff and defendant entered into an agreement which recited that "differences have arisen between the parties hereto, making it impossible for them to live together hereafter, and proceedings have been instituted by Mrs. Tefft for divorce." Further, that "* * * in consideration of the premises it is agreed by and between the parties hereto as follows: that Avery S. Tefft relinquishes and releases to Mabel Tefft all claim, right or title to all property owned by them whether real or personal and of every nature and description. That he agrees hereby to pay all outstanding obligations owed by himself and Mrs. Tefft or either of them, said obligations being only those outstanding at the date hereof. That Avery S. Tefft agrees to pay to Mabel Tefft, starting from the date of this agreement, the sum of ten dollars ($10) per week as temporary and per-

manent alimony for herself, said payments to continue after the date of final hearing of the above-mentioned divorce proceedings and until abrogated by mutual agreement of the parties hereto or by order of court.

"It is further agreed that upon final hearing of the above proceedings, this agreement shall be submitted to the court hearing same, and if same meets with his approval, it shall be incorporated in and made a part of the decree of divorce, should said be granted."

The parties did not live together thereafter, and the granting of the divorce was not contested. The decree granting plaintiff a divorce from defendant was entered on December 21, 1940, without making any mention of said contract or making any order whatsoever as to alimony.

Defendant paid alimony according to the contract from its date (December 7, 1940) to about March 1, 1941, and then ceased paying; and thereafter, on June 21, 1941, suit was filed in this case in the Municipal Court of Akron to recover $131, the amount claimed to be then due under the contract. Upon trial, judgment was entered for that amount; and, upon appeal on questions of law to the Common Pleas Court, the judgment was affirmed.

It is claimed by the defendant in this court that the contract in question is utterly invalid, for the reason that the parties were not permitted to enter into such a contract at common law, and that the act of March 19, 1887, "to define the rights and liabilities of husband and wife" does not authorize the parties to enter into such a contract.

The pertinent sections of that act are as follows:

"A husband or wife may enter into any engagement or transaction with the other, or with any other person, which either might if unmarried; subject, in transactions between themselves, to the general rules

which control the actions of persons occupying confidential relations with each other.'' Section 7999, General Code.

''A husband and wife can not by any contract with each other alter their legal relations, except that they may agree to an immediate separation, and make provisions for the support of either of them and their children during the separation.'' Section 8000, General Code.

By the case of *DuBois* v. *Coen, Exr.*, 100 Ohio St., 17, 125 N. E., 121, it is established that ''4. The term 'legal relations' used in the act comprises not only the purely marital relations existing between them but also the property provisions which the law gave to each upon the death of a consort.''

While that case mentions statutory rights given to the wife, such as dower, year's support, and homestead rights, and any interest which she might have under the laws of the state in the personal property owned by the husband, it is evident from the opinion that any other statutory provision made for the benefit of husband or wife, such as alimony, is included in the term ''legal relations.''

In that case there was no separation of any kind between the husband and the wife, and the writer of the opinion, each time the proposition to be decided was stated, was careful to point out that the contract under consideration was ''without contemplating separation'' and ''without a view to separation,'' and the opinion contains the following observation: ''Whether the husband and wife act would permit such a contract to be made in a case where separation occurs we do not now decide.''

In the case of *Hoagland* v. *Hoagland*, 113 Ohio St., 228, 148 N. E., 585, after calling attention to the fact that, in the case first mentioned, it was not decided as

to whether or not a husband and wife could contract as to certain of their legal relations if such contract was made in contemplation of a separation, the court decided that "2. Sections 7999 and 8000, General Code, when construed together, permit a husband and wife, contemplating such separation, to enter into an engagement mutually releasing each other's right to dower and distributive share in the other's property; *they are also authorized thereby to contract for the future support of either of them and their children during such separation.*" (Italics ours.)

Thus, in those two cases, the court recognized a contract for the support of the wife as involving the legal relations of the parties and as being prohibited by the statute unless the same was made in contemplation of a separation which occurs.

What character of separation was embraced in such statements by the court? Did they include only a temporary separation, which the parties could terminate by again living together as husband and wife and which would terminate the contract? Or, did they include a permanent separation by divorce?

It seems to us that these questions were answered in the case of *Mendelson* v. *Mendelson*, 123 Ohio St., 11, 173 N. E., 615. That case was an action on a contract made in contemplation of separation, for support during separation. Later, as was evidently contemplated, the parties were divorced, but the decree did not mention said agreement or make any order as to support, and the suit was for the amount claimed to be due under and by virtue of the terms and provisions of the separation agreement. The court held that "2. A decree of divorce, which is silent on the subject, does not of its own force terminate a separation agreement previously entered into by the parties pursuant to the provisions of Section 8000, General Code."

In view of the opinions rendered in the foregoing three cases, we are of the opinion that the contract in the instant case was valid and enforceable, notwithstanding the contract was not submitted to the court granting the divorce for its approval.

While it is the general practice to submit such agreements to the court granting the divorce for its approval, we find no law requiring that to be done. Such practice is commendable, but whether it should be required is a matter for the Legislature. The fact that plaintiff's attorney failed to present the instant contract to the court and have it made a part of the judgment of the court, was to the disadvantage of plaintiff, for, if that had been done, collections could have been enforced by contempt proceedings, in addition to proceedings by civil suit, but such neglect was of no disadvantage to the defendant.

No other defenses were presented in either the trial court or in this court.

*Judgment affirmed.*

STEVENS, P. J., and DOYLE, J., concur.