Taft, J.,
concurring. I regret the necessity for this concurring opinion. However, if, as suggested in the first two paragraphs of the majority opinion, the automobile was “repossessed” by a “mortgagee” whose mortgage lien was not noted on any certificate of title and that mortgage lien is ail that is relied upon to establish a defect in the title received by plaintiff, then this court should affirm instead of reverse the judgment of the Court of Appeals.
In order to recover on the guaranty of title, the burden would be on plaintiff to allege and prove that someone else had some valid interest in or to the automobile.
In his petition, plaintiff alleges “that on or about May 21, *188 1960, said * * * automobile was removed from tbe driveway of the father of plaintiff, where it was parked at 6066 Chicago Pike, Holland, Ohio, by Holtzbaugh Rent A Car, Inc. * * * the true owner thereof,” and also refers to “the appropriation thereof by said owner, Holtzbangh Rent A Car, Inc.”
There are no other allegations about what the petition refers to as “the defective nature of plaintiff’s title” and “the defective title to said automobile.” The only reference to any mortgagee in the petition is the reference to the finance company to which plaintiff gave a mortgage on purchasing the automobile from Wearley Motor Company.
No party to the instant case has offered any evidence of the law of Michigan or asked that judicial notice be taken thereof. Section 2317.45, Revised Code, provides that “to enable a party to offer evidence of the law in another jurisdiction or to ask that judicial notice be taken thereof, reasonable notice shall be given to the adverse parties either in the pleadings or otherwise.” Hence, presumptively, the law of Michigan, to the extent applicable in the instant case, must be presumed to be the same as the law of Ohio. State, ex rel. Safeguard Ins. Co., v. Vorys, Supt. of Ins. (1960), 171 Ohio St., 109, 113, 167 N. E. (2d), 910. See Mendelson v. Mendelson (1930), 123 Ohio St., 11, 173 N. E., 615.
Under the law of Ohio, one who claims a motor vehicle under a mortgage not noted on a certificate of title therefor has no rights in or to such vehicle. Kelley Kar Co. v. Finkler (1951), 155 Ohio St., 541, 99 N. E. (2d), 665 (paragraph three of syllabus). On the record in the instant case, one who claims such a vehicle under such a Michigan mortgage would have no greater rights even in Michigan. In other words, a mortgagee whose mortgage is not noted on any certificate of title would have no greater right in and to the automobile as against the plaintiff, either in Ohio or in Michigan, than would a thief. Certainly, the guaranty of title involved in the instant case would not protect plaintiff against the theft of his automobile.
However, there are certified copies of (1) a Michigan certificate of title issued to Holtzbaugh Rent A Car, Inc., on January 12, 1959, (2) an assignment thereof in Michigan in September 1960 to Earl Holtzbaugh, Inc., (3) a subsequent assignment thereof in Michigan from Earl Holtzbaugh, Inc., for an ap *189 parent substantial consideration on September 16, 1960, to a Michigan resident named Hagerman and (4) a Michigan certificate of title issued to Hagerman on October 6, 1960.
From these documents, it can reasonably be inferred that someone on behalf of Holtzbaugh Rent A Car, Inc., got possession of the car taken from plaintiff on May 21, 1960, and Earl Holtzbaugh, Inc., sold and delivered possession of that car for a valuable consideration to Hagerman in September of 1960. No evidence was offered tending to prove bad faith of Hagerman or his vendor. See Morris v. Daniels (1880), 35 Ohio St., 406.
If, as we must presume on this record, the applicable law of Michigan is the same as it would be in Ohio, then in Michigan the possession of the automobile pursuant to the Michigan certificates of title by bona fide purchasers thereof would be lawful. Kelley Kar Co. v. Finkler, supra (155 Ohio St., 541). Hence, in Michigan, plaintiff’s title would be defective.
O’Neill, J., concurs in the foregoing concurring opinion.