## SHACTER *v.* SHACTER

[No. 391, September Term, 1967.]

*Decided November 8, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, FINAN, SINGLEY and SMITH, JJ.

*Stanley B. Frosh* for appellant.

*Joel Savits,* with whom were *Baker & Savits* on the brief, for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

In 1961 Bernard Shacter, husband, and Francine Shacter, wife, executed a separation agreement which included a provision that the husband would pay the wife for her support and maintenance $275 a month until she died or remarried, and also provided for the custody and support of the children of the couple and the conveyance to the wife of the residence owned by the couple as tenants by the entireties. Thereafter, Mrs. Shacter obtained a divorce in Alabama and later, upon being advised that her divorce was invalid, filed suit for divorce in Montgomery County by amending a bill she had filed earlier for specific performance of the agreement. Judge Anderson granted alimony pendente lite of $525 a month, although at the rates specified in the agreement of $100 a month for each of four children and $275 for the wife, the husband had obligated himself to pay $675 a month.

The case was tried before Judge Pugh, who set aside the Alabama divorce but refused to grant an *a vinculo* divorce because he found that voluntary separation, the ground relied on, had not been proven. Judge Pugh said: "since the Court refuses to grant the plaintiff a divorce * * * the incorporation of the agreement in the decree would not be deemed proper."

Judge Pugh did, however, enter judgment for the wife against the husband for the amount due under the separation agreement and then unpaid in the amount of $3,375. He refused to specifically enforce the separation agreement, believing that the provision for the conveyance of the property held by the

entireties could not legally be compelled, and relying on the language of *Zouch v. Zouck,* 204 Md. 285, 296,[1] that:

"A court of equity will not require specific performance as a matter of course. It will evaluate the conduct of the parties, the circumstances and the equities of each particular case. It will not use its discretion to grant the remedy unless its exercise will subserve the ends of justice and the result of its assistance is fair, just and reasonable."

Judge Pugh modified the provisions of the separation agreement as to the support for the children—as Code (1957 [now 1966 Repl. Vol.]), Art. 16, § 28, specifically authorized him to do—by ordering payment of $200 on the first and fifteenth day of each month instead of $400 a month. Some three months after he had entered the first decree in September 1964, Judge Pugh heard further testimony in corroboration of the voluntariness of the separation and decreed Mrs. Shacter an absolute divorce. The second decree dated December 31, 1964, recited that:

"this is a supplemental decree, the provisions of which do not supersede except insofar as said decree denies a divorce a vinculo matrimonii but are in addition to the decree of this Court dated the 25th day of September, 1964, filed on September 29, 1964 * * *."

The September decree had dismissed the bill for divorce, awarded Mrs. Shacter custody of and support for the children, and entered judgment for the arrearages under the separation agreement.

Mr. Shacter later filed a motion to reduce the children's support and an additional motion to revise the judgment, on the

1. Zouck, supra, held that:
"Traditionally, equity has had, and exercised, jurisdiction as to separation agreements * * * and, in appropriate cases, has specifically enforced payment of maintenance, including both that due and that to be paid in the future." [204 Md. at 292]
"Authority of equity * * * is at least implicit in the provisions of Article 16, Section 37 of the Code (1951) [now § 28]." [204 Md. at 295]

theory that Judge Anderson's order for alimony pendente lite effected a revision of the separation agreement. Judge Pugh rejected this contention, correctly we think, and refused to change the judgment. Mrs. Shacter's lawyer then, in seeking clarification of the effect of Judge Pugh's action, urged that the refusal to order specific performance did not affect the husband's obligations to the wife under the agreement. Judge Pugh said: "I am not saying you cannot sue on the agreement * * *. I will not grant specific performance * * *. File a law suit."

Mrs. Shacter did file a law suit on the agreement in the Circuit Court for Montgomery County in January 1967, claiming $275 a month for forty-eight months (from October 7, 1962 to October 7, 1966) or a total of $13,200 less $800 paid on account. Mr. Shacter removed the case to Carroll County and at the conclusion of the plaintiff's testimony Judge Weant held that inasmuch as the wife had sought and failed to obtain relief in equity she could not prevail at law, and, on motion by the husband, took the case from the jury and entered judgment for him.

In this Court the wife argues that nothing that happened in the equity court did away with or affected the husband's obligation to pay what he had solemnly and formally agreed to pay, and the husband argues that the wife had her day in court and the decree which did not grant her specific performance of future payments is a final and conclusive bar, "not only as to all matters that have been decided in the original suit, but as to all matters which with propriety could have been litigated in the first suit * * *," in the language of *Alvey v. Alvey*, 225 Md. 386, 390. We think the wife has the better of the arguments and that Judge Weant erred in taking the case from the jury.

1 *Nelson on Divorce*, Ch. 13, § 13.54 (2d ed. 1945), states the general rule to be that:

"A support or property agreement is not invalid nor unenforceable merely because it is not embodied in the divorce decree, if not in conflict with such decree. If the divorce decree does not provide for alimony, it does not terminate liability of the husband to make the payments provided for by a separation agreement. A

support or property agreement is not affected by the subsequent decree of divorce, if such settlement is neither incorporated in the decree, disapproved by the decree, nor superseded by provisions of the decree." [footnotes omitted]

In *Kremelberg v. Kremelberg*, 52 Md. 553, 563-564, the Court said:

"It cannot be unlawful for a husband to provide by deed for support of an erring wife, and if he should subsequently obtain a divorce for adultery * * * we see no good reason why the divorce should discharge the husband from the obligation he has thus voluntarily assumed. * * * And although the deed of separation does not operate as a bar to the application for divorce, we see no inconsistency in granting a divorce, and at the same time refuse to release the husband from a covenant providing for the support of his wife."

A similar holding was articulated in *Campbell v. Campbell*, 174 Md. 229, 240-241. Cases in other jurisdictions taking a similar view include: *Clark v. Fosdick* (N.Y.Ct.App.), 22 N. E. 1111; *Tefft v. Tefft* (Ohio Ct. App.), 54 N.E.2d 423; *Witt v. Witt*, (Ky.Ct.App.), 126 S.W.2d 1114; *Makzoume v. Makzoume* (Cal.Dist.Ct.App. 1st Div.), 123 P. 2d 72; *State v. James* (Mo.), 195 S.W.2d 669, 673; *Miller v. Miller* (Idaho), 396 P. 2d 476, 479.

In the case before us the September 1964 decree did not incorporate the separation agreement because the court found no grounds for divorce. The decree not only did not disapprove the agreement, it recognized its validity by entering judgment for the amount due under it and the provisions for support of the wife were not superseded by the decree and there is no conflict between them. Code (1957), Art. 16, § 28, provides that such agreements "shall be valid, binding and enforceable to every intent and purpose * * *." We find nothing in the equity case that overcame this statutory presumptive validity and, therefore, the provisions in the agreement for the support of the wife survive unscathed.

The equity decrees were not res judicata as to the wife's right to support under the separation agreement. For a former adjudication—in this case the refusal of the chancellor to specifically enforce the agreement—to preclude a subsequent suit on the same cause of action, the first judgment must have been final and on the merits. *Restatement of Judgments* § 49. *Comment a* thereunder says:

> "If the judgment determines that the plaintiff has no cause of action, it is on the merits; but if it determines only that the plaintiff is not entitled to recover in the particular action, it is not on the merits * * *. So also, where there is a judgment for the defendant on the ground that the plaintiff sued in the wrong form of action, the judgment is not on the merits * * *. Where the plaintiff brings suit in equity and judgment is given for the defendant because his sole remedy was by an action at law, the plaintiff is precluded from maintaining another suit in equity to enforce the same claim, but is not precluded from maintaining an action at law * * *."

Section 65 (2) of the *Restatement of Judgments* says in the black letters:

> "Where a judgment is rendered in favor of the defendant because the plaintiff seeks a form of remedy which is not available to him, the plaintiff is not precluded from subsequently maintaining an action in which he seeks an available remedy."

*Comment i* thereunder says:

> "[I]f the plaintiff brings a suit in equity which is dismissed because his remedy was solely by an action at law, the plaintiff is not precluded from maintaining an action at law. This is true, for example, where the suit in equity is dismissed because the plaintiff has an adequate remedy at law, or on the ground of such delay or hardship or impropriety of the plaintiff's conduct as bars a suit in equity but not an action at law."

In *Goertz v. Backman*, 195 Md. 450, it was said that a dis-

missal of a suit is not a bar to future recovery if it is not upon the merits and the court has not determined—where there is a hearing or a trial—that the complainant has "no title to the relief sought." In the present case Judge Pugh did not determine that the wife had no title to the relief she sought. He determined only, in the words of *Zouck,* that he would not use his discretion to grant the equitable remedy. It matters not that he may have erroneously withheld that remedy. The decisive point is that he dealt only with the remedy and not with the ultimate rights under the agreement. Indeed, he recognized that rights continued to exist until the date of judgment when he entered judgment for back payments on the basis of the agreement. His advice to the wife to sue at law indicates that he thought that the agreement was still in effect.

Other cases in this Court which have applied the principle just discussed include *Williams v. Messick,* 177 Md. 605, 611; *Bailey v. Bailey,* 181 Md. 385; *Johnson v. Stockham,* 89 Md. 368, 376, 378; *Surrey Inn, Inc. v. Jennings,* 215 Md. 446, 451-453; *Building and Loan Ass'n v. Dembowczyk,* 167 Md. 259.

The case will be remanded and, upon remand, the wife should be given a judgment as a matter of law for whatever sum is due and unpaid unless there develops a dispute of material fact. If there should be a dispute of material fact, the case should be sent to the jury for its determination of that dispute.

> *Judgment reversed, with costs, and case remanded for further proceedings.*