WIERWILLE, APPELLANT, *v.* WIERWILLE, APPELLEE.

(No. 72-554—Decided April 18, 1973.)

*Messrs. Spidel, Staley, Hole & Hanes* and *Mr. Hugh A. Staley*, for appellant.

No appearance for appellee.

WILLIAM B. BROWN, J. The question presented is whether the separation agreement which was incorporated by reference in the trial court's decree but not actually filed with the decree could be enforced by the trial court where the separation agreement was placed in evidence by stipulation of the parties on the motion for enforcement of its provisions.

The Court of Appeals held that failure to attach a copy of the agreement "* * * not already a part of the pleadings * * * and not otherwise a matter of public record * * * [made] the attempt * * * to incorporate that material in the journal entry a nullity" and that consequently the trial court lacked continuing jurisdiction under R. C. 3105.061 to modify the separation agreement.

This court has previously upheld an incorporation of a separation agreement in a divorce decree. Paragraph two of the syllabus in *Robrock* v. *Robrock* (1958), 167 Ohio St. 479, states:

"In a divorce action, the Court of Common Pleas, in making an order for the disposition, care, maintenance and support of minor children of the parties, may incorporate in its decree the terms of an agreement entered into between such parties." See, also, *Holloway* v. *Holloway* (1935), 130 Ohio St. 214; *Hassaurek* v. *Markbreit* (1903), 68 Ohio St. 554.

Generally, where a separation agreement is incorporated by reference, it is customary that there be "reference to the pleadings or to the papers on file in the cases or else to other pertinent entries in the court docket." 49 Corpus Juris Secundum 182, Judgments, Section 62.

Thus, in order for a separation agreement to be enforced pursuant to a decree of divorce it must be incorporated in the decree itself or be included therein by reference. Where a separation agreement is incorporated by reference in the decree, a copy thereof should be attached thereto.

The record herein shows that at the hearing on the motion for modification of the separation agreement the parties stipulated that agreement into evidence. In view of

that stipulation, it is apparent that the parties could have litigated the separation agreement in a separate action. *Mendelson* v. *Mendelson* (1930), 123 Ohio St. 11.

In light of the fact that the trial court admitted the separation agreement in evidence by stipulation and has already construed the agreement, affirmance by this court of the judgment of the Court of Appeals would give rise to an unnecessary multiplicity of suits. Furthermore, counsel for both parties agreed at the hearing on the motion that the separation agreement was considered part of the divorce decree. As counsel for the appellee said:

"We would, we would stipulate that that [separation agreement] was incorporated as a part of the divorce decree in, in the original divorce proceedings."

Accordingly, the judgment of the Court of Appeals, affirming the judgment of the Common Pleas Court in regard to custody and child support, is affirmed; as to its judgment in regard to finding the attempted incorporation of the separation agreement a nullity and dismissing the motion for modification as to medical expenses, insurance policies, real estate taxes, and dividends, the judgment of the Court of Appeals is reversed, and the cause is remanded to that court for consideration of the issues raised relative to the separation agreement which were not passed upon therein.

*Judgment affirmed in part and reversed in part.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and P. BROWN, JJ., concur.