# DOROTHY M. BROWN v. HAROLD L. BROWN

[No. 78, September Term, 1976.]

*Decided December 7, 1976.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Emily Miller Rody*, with whom were *Rody & Rody, Chartered* and *Wallace Kleid* on the brief, for appellant.

*Norman F. Summers*, with whom was *Julian S. Brewer, Jr.*, on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Baltimore County which declined specific enforcement of the

support provisions of a separation agreement entered into between Dorothy M. Brown and her husband, Harold L. Brown. An appeal was originally noted to the Court of Special Appeals. We granted certiorari in advance of the consideration of the case by that court.

The parties were married in 1943. The only child of the marriage, a son, was 25 years of age when an action for divorce was instituted by the husband. On 18 November 1973, the husband had left the residence of the parties. On 30 November 1973, the Browns had executed an agreement of separation and property settlement (the Agreement) which is the subject of this suit. Mr. Brown commenced the payment of $60.00 per week to Mrs. Brown as contemplated by the Agreement.

On 28 May 1974, Mr. Brown filed a bill of complaint against Mrs. Brown in the circuit court in which he sought an absolute divorce on grounds of adultery. Mrs. Brown countered with an answer, denying the allegation of misconduct and a cross bill, charging Mr. Brown with adultery and with desertion. She sought a divorce a vinculo, or alternatively, a mensa. Mr. Brown filed an answer, denying the allegations of the cross bill.

Mr. Brown ceased making the $60.00 weekly payments when suit was instituted. The case was referred to a master, who recommended that Mrs. Brown be awarded $60.00 per week as alimony pendente lite. He noted in his report, "Sep. Agt. 11/30/73 $60.00 per wk. support & maintenance par. 6." Thereafter an order was entered by the court, directing that the payment be made, beginning 31 August 1974.

The case came on for trial 29 May 1975 before Turnbull, J. In a decree entered on 11 June 1975, Judge Turnbull found that there was proof that adultery had been committed by both parties, dismissed both the bill and the cross bill, and denied Mrs. Brown's prayer for alimony. It is of some significance that the Agreement was not before the court in the divorce action.

On 3 October 1975, Mrs. Brown returned to the circuit court, where she instituted a new action seeking specific

performance of the support provision of the Agreement and payment of $600.00 of arrearages in support payments which had accrued prior to the entry of the order directing the payment of alimony pendente lite.

At trial before Haile, J., the Agreement was introduced in evidence, as was a certified copy of the proceedings before Judge Turnbull. After taking testimony, the court entered an order awarding Mrs. Brown a judgment for $600.00 against Mr. Brown for the arrearages, but denying her specific performance of the support provisions of the Agreement. This appeal followed.

Mrs. Brown argues that the court was in error in refusing specific performance of the support provisions of the Agreement on the ground that the decree entered in the earlier case was res judicata as to her right to support. We think her point is well taken, but in a narrow and technical sense.

The provisions of the Agreement which are relevant here are contained in two paragraphs:

"6. The parties further agree that the Husband shall pay to the Wife the sum of Sixty ($60.00) Dollars per week as alimony during the joint lives of the parties hereto so long as they remain separate and apart, and the Wife remains unmarried."

\* \* \*

"15. The parties hereto further agree that all covenants, stipulations, promises, agreements and provisions in this agreement shall apply to, bind and be obligatory upon the parties hereto, their heirs, personal representatives, successors and assigns, or any of them, whether so expressed or not."

The short of it is that alimony can only be awarded by an equity court where there are grounds for the granting of an absolute or partial divorce, Maryland Code (1957, 1973 Repl. Vol.) Art. 16, § 3; *Flanagan v. Flanagan*, 270 Md. 335, 338,

311 A. 2d 407, 409 (1973). No matter what the parties may call a money allowance for a wife's support, it is not alimony unless it is payable under a judicial decree and terminates on the death of the husband, or on the death or remarriage of the wife, *LaChance v. LaChance,* 28 Md. App. 571, 575, 346 A. 2d 676, 679-80 (1975).

If the support provision of an agreement is for alimony,[1] it will not be enforced as a matter of course in equity, *Zouck v. Zouck,* 204 Md. 285, 296, 104 A. 2d 573, 577-78 (1954), except when it is incorporated in a decree as alimony. If incorporated in the decree, it is subject to modification by the court, and may be enforced by contempt proceedings, *Heinmuller v. Heinmuller,* 257 Md. 672, 677, 264 A. 2d 847, 850 (1970).

If the support provision is not alimony,[2] it may be made the subject of an action for specific performance to the same extent as any other contract, *Zouck v. Zouck, supra,* 204 Md. at 296. It may form the basis for an allowance of support incorporated in a decree, *Knabe v. Knabe,* 176 Md. 606, 613, 6 A. 2d 366, 369 (1939). It may be enforced through contempt proceedings, but it may not be modified, *LaChance v. LaChance, supra,* 28 Md. App. at 576, unless the agreement is subject to Code Art. 16, § 28, which is applicable to agreements entered into subsequent to 1 January 1976.

Mrs. Brown would have us hold that paragraph 15, which purports to bind the heirs, personal representatives, successors and assigns of the parties to the performance of the Agreement adds a new element, which prevents the undertaking contained in paragraph 6 from amounting to alimony.

We do not agree because we think paragraphs 6 and 15 can be read together. Paragraph 6 is an undertaking to make the payments "during the *joint* lives of the parties hereto so long as they remain separate and apart, and the wife remains unmarried." (emphasis added). As we see it, the payments continue only until the death of the husband or the death or remarriage of the wife, whichever first occurs. Regardless of

---

1. Sometimes called "technical alimony."
2. Sometimes called "nontechnical alimony."

the interplay between paragraph 15 and the other paragraphs of the Agreement (those dealing largely with dispositions of property) the only impact which paragraph 15 has on paragraph 6 is that arrearages of support payments outstanding at the time of the husband's death could be collected from his estate, which would be the case even without paragraph 15.

We conclude therefore that the court might have been correct in not granting specific performance, not because the decree in the divorce action was res judicata, *Shacter v. Shacter*, 251 Md. 304, 307-09, 247 A. 2d 268, 270-71 (1968), but because the court may well determine on remand that it should not exercise its discretion to grant the remedy because the ends of justice would not have been subserved, *Zouck v. Zouck, supra,* 204 Md. at 296. It may well determine to do so in an action instituted by either of the parties for divorce on non-culpable grounds, *see Flanagan v. Flanagan, supra,* 270 Md. at 335.

> *Order reversed; case remanded for entry of an order conformable to the views expressed herein; costs to be paid by appellee.*