RENDERED: FEBRUARY 18, 2016
TO BE PUBLISHED

# Supreme Court of Kentucky

## 2014-SC-000751-DG

LINDA DAVIS                                                                    APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.                      CASE NO. 2012-CA-002084-MR
GREENUP CIRCUIT COURT NO. 11-CI-00749

KAREN DAVIS and                                                               APPELLEES
ESTATE OF MATTHEW DAVIS

**OPINION OF THE COURT BY JUSTICE CUNNINGHAM**

**REVERSING AND REMANDING**

Appellant, Linda Davis ("Linda") married Matthew Davis ("Matthew"), in 1981. On May 23, 2003, Linda and Matthew executed a property settlement agreement (the "Agreement"). Therein, the parties expressed their desire that the Agreement "be incorporated into and made a part of any final decree which may be entered herein . . . ." In addition to many other provisions dividing property, the Agreement specifically provided that "[Matthew] agrees to maintain his policy of life insurance with Monumental Life Insurance Company in the total amount of $100,000.00 and will keep [Linda] as the beneficiary."

On May 27, 2003, the Wayne Circuit Court entered a final decree dissolving their marriage. Although the decree of dissolution acknowledged that the parties had settled their property claims, it failed to incorporate the Agreement. This omission went unnoticed until after Matthew died in July

2011. Six weeks prior to his death, Matthew changed the beneficiary on his Monumental Policy, which was in force since 1997, to his then-wife of two years, the Appellee, Karen Davis ("Karen").

When Linda learned of Matthew's death, she filed a proof of claim against his estate premised upon a breach of the Agreement. Karen, as executrix of Matthew's estate, denied Linda's claim, and subsequently filed this action in Greenup Circuit Court against Monumental Life Insurance Company for the policy proceeds. Linda intervened in this action as a third party plaintiff to file a competing claim to those life insurance proceeds and to add Matthew's estate as a third party defendant.

The Greenup Circuit Court concluded that absent compliance with KRS 403.180, a separation agreement is rendered unenforceable. The Court of Appeals agreed and held that KRS 403.180(4) essentially voided the Agreement because marital dissolution is controlled by statute. The court specifically opined that "KRS 403.180 . . . is the *only* source of Linda's right to make a separation agreement with Matthew."[1] Having reviewed the record and the law, we reverse the Court of Appeals and remand this case to the trial court.

## Preliminary Issues

Appellees raise several procedural matters that must be addressed before reaching the merits of this case. Appellees maintain that Linda's notice of

---

[1] A separate Court of Appeals panel also affirmed the Wayne Family Court's denial of Linda's motion to revive the divorce action and her motion for entry of a decree of dissolution *nunc pro tunc.* That determination is now binding. *See Davis v. Davis*, No. 2012-CA-001243-MR, 2013 WL 2450204 (Ky. App. June 7, 2013), review denied, (April 9, 2014).

appeal was deficient and that the appeal should either be dismissed or limited to certain issues. Appellees raised these same or similar claims before the Court of Appeals in a motion to dismiss. *Davis v. Davis*, No. 2012-CA-002084-MR, (Ky. App. November 26, 2014). The Court of Appeals denied Appellees' motion and determined that Linda's notice of appeal related forward to the order that made the litigation final. *Id.* citing *Johnson v. Smith*, 885 S.W.2d 944, 949 (Ky. 1994). *See also* CR 73.03. The court also concluded that Appellees failed to demonstrate any substantial harm or prejudice that resulted from the alleged errors. The court denied Appellees' motion and proceeded to the merits of the case. We agree with that decision and the reasons in support thereof. The same resolution is warranted here.

Appellees further contend that dismissal is required because Linda failed to timely file her brief in the Court of Appeals. However, Appellees have not indicated that they raised this alleged error in the Court of Appeals nor have they demonstrated any substantial harm or prejudice that resulted therefrom. Therefore, we will proceed to the merits.

## Analysis

KRS 403.180 governs the enforceability of written separation agreements. Property disposition provisions contained in such agreements are binding upon the court unless they are unconscionable. KRS 403.180(1) and (2). Section 4 of that statute states in pertinent part as follows:

> (4) If the court finds that the separation agreement is not unconscionable as to support, maintenance, and property:

3

(a) Unless the separation agreement provides to the contrary, its terms shall be set forth verbatim or incorporated by reference in the decree of dissolution or legal separation and the parties shall be ordered to perform them; or

(b) If the separation agreement provides that its terms shall not be set forth in the decree, the decree shall identify the separation agreement and state that the court has found the terms not unconscionable.

It is undisputed that the requirements of Section 4 were not satisfied here. Therefore, the Agreement cannot be enforced as a judgment by the family court. The issue is whether Linda may nevertheless maintain a common law contract claim in order to enforce the Agreement; or, whether failure to incorporate or reference the Agreement in the decree of dissolution rendered the Agreement void.

### Contract Action

Kentucky has a long history of enforcing contracts between spouses. In *Smith v. Hughes* for example, our predecessor Court held that wives possessed "the right to contract with their husbands, [and] to sue them on such contracts . . . ." 167 S.W.2d 847, 851 (Ky. 1942). Similarly, the Court held in *Campbell v. Campbell* that a husband and wife "could enter into a valid postnuptial contract wherein each relinquished his or her respective interest in the property of the other, if such an agreement was fair and equitable, and supported by an adequate consideration." 377 S.W.2d 93, 94 (Ky. 1964). Appellees have failed to persuade this Court that contracts disposing of property, which are executed in contemplation of dissolution of marriage,

4

constitute an exception to this general rule. The enactment of KRS 403.180 in 1972 does not alter this conclusion. In fact, it fortifies our decision.

KRS 403.180 discusses whether a settlement agreement is enforceable as a judgment. However, KRS 403.180 does not automatically void settlement agreements which are improperly referenced or are not incorporated into the final decree of dissolution; nor does such a failure to comply with KRS 403.180 render a prior or contemporaneous property settlement agreement unenforceable. *Cf. Annechino v. Joire*, 946 A.2d 121, 122 (Pa. Super Ct. 2008) (holding that the trial court had authority to enforce a marital property settlement agreement that had not been incorporated into the parties' final divorce decree). Although the *Annechino* court had the benefit of a Pennsylvania statue that expressly permitted enforcement of an unincorporated agreement, the absence of such a statutory provision *permitting* enforcement by the Kentucky Family Court does not imply a provision *forbidding* enforcement of the agreement by a Kentucky court of general jurisdiction. *See Carter v. Carter*, 382 S.W.2d 400, 401 (Ky. 1964) ("divorce proceedings are equitable actions in this state [] and equity is broader than the statute"), superseded on other grounds in *Neidlinger v. Neidlinger*, 52 S.W.3d 513 (Ky. 2001).

Furthermore, we acknowledge that KRS 403.180 was designed to protect parties "from their own irresponsible agreements[,]" primarily those agreements that are unconscionable. *Shraberg v. Shraberg*, 939 S.W.2d 330, 333 (Ky. 1997). However, this does not foreclose a separate contract action to enforce a

5

valid settlement agreement that was not incorporated or referenced in the final decree of dissolution. This logic is echoed in a leading Kentucky treatise:

> Although separation agreements not involving legal separation are enforceable as contracts, they are not enforceable as judgments because they do not involve a court decree. Separation agreements enforceable only as contracts are not entitled to full faith and credit in sister states. Further, contempt remedies are not available because only a judgment may be enforced by contempt.
>
> 15 Ky. Prac. Domestic Relations L. § 9:6 (citations omitted). *See also* 16 Ky. Prac. Domestic Relations L. § 17:3 ("a circuit court may enter a final decree dissolving the parties' marriage before resolving property or support questions.") (citation omitted).

Therefore, KRS 403.180 does not automatically foreclose post-decree dispositions or independent enforcement of property agreements not incorporated or referenced in the decree. Several other jurisdictions have also determined that separation agreements may be enforced as independent contract actions.

For example, in *Dion v. Dion*, a federal court applying Pennsylvania law observed that "a separation agreement for support which has not been merged into a divorce decree or support order creates a contractual obligation to provide support which is independent of any support obligation imposed under principles of domestic relations law." 652 F.Supp. 1151, 1154 (E.D. Pa. 1987) (citation omitted). In *Bradley v. Bradley*, the court observed that "contractual maintenance arises where the maintenance provisions are agreed to by the parties in the separation agreement and are agreed not to be incorporated into the terms of the court's decree." 880 S.W.2d 376, 378 (Mo. App. 1994) (citation omitted). As such, the court concluded that "[c]ontractual maintenance is

6

enforceable by a separate action for breach of contract and it is not modifiable by the court." *Id. See also Cramer v. Hirsch*, 470 N.E.2d 803, 804 (Mass. App. Ct. 1984); and *Mendelson v. Mendelson*, 173 N.E. 615, 616 (Ohio 1930).

Having considered the relevant authority, we hold that a settlement agreement involving property division that was not incorporated or referenced in the final decree of dissolution may be enforced through an independent contract action. Our holding does not apply to agreements executed prior to or contemporaneously with an agreement that has been duly incorporated or referenced in a dissolution decree. In such cases, the agreement that is properly incorporated or referenced in the decree controls. Such language in effect becomes part of the final judgment.

Nor does our holding apply to settlement agreements that are made in anticipation of dissolution of marriage but, where the divorce is never consummated. As previously stated, the agreement at issue in this case included the expressed intent of the parties that the Agreement "be incorporated into and made a part of any final decree which may be entered herein . . . ." Where it is evident that divorce is anticipated by the agreement, enforcement of the agreement becomes conditioned upon the divorce being completed in the action that is pending. 17A C.J.S. Contracts § 446. Many divorce actions are filed along with separation agreements and the parties either reconcile or dismiss the action without a final judgment of divorce. A party or parties may also die before the divorce is obtained. *See Rhodes v. Pederson*, 229 S.W.3d 62 (Ky. App. 2007). Thus, a separation agreement in

7

those instances would be unenforceable due to the failure to fulfill a condition upon which the agreement was premised—i.e. finalizing the divorce. *See* 17A C.J.S. Contracts § 451.

In the present case, however, the divorce was finalized by the dissolution decree. Accordingly, Linda may bring her contract claim and the respective defendants may raise all applicable defenses, including unconscionability. If the trial court determines that the Agreement is valid, enforceable, and that its terms have been breached, Linda may recover damages. To clarify, the distinction here is that the circuit court must consider all elements of a contract claim and all applicable defenses, whereas the family court would only consider the conscionability of the agreement had it been duly incorporated into the decree.

### Equitable Claims

Linda also contends that the Court of Appeals erred in affirming the trial court's denial of her claims for unjust enrichment and her request for the imposition for a constructive trust over the insurance policy proceeds. Having determined that Linda is entitled to pursue a claim under common law contract principles, it logically follows that she also be entitled to pursue all equitable claims and remedies available at common law. This includes a claim for unjust enrichment and the imposition of a constructive trust. *See Sims v. Sims*, 348 S.E.2d 835, 836 (S.C. 1986) (permitting independent action by former husband seeking a constructive trust arising from the alleged breach of

8

a property agreement that was not incorporated in the divorce decree). *See also, Rose v. Ackerson,* 374 S.W.3d 339 (Ky. App. 2012).

We also note that "despite cases to the contrary . . . Kentucky courts have required the party seeking the imposition of a trust to establish a 'confidential relationship' with the party upon whom the trust is to be imposed.'" *Keeney v. Keeney,* 223 S.W.3d 843, 849 (Ky. App. 2007) (citing *Panke v. Panke,* 252 S.W.2d 909, 911 (Ky. 1952)). "Where it is deemed necessary, however, '[t]he existence of the relationship in any particular case is to be determined by the facts established.'" *Id.* at 849-50 (citing *Henkin, Inc. v. Berea Bank & Trust Co.,* 566 S.W.2d 420, 423 (Ky. App. 1978)). With these considerations in mind, Linda may pursue her equitable claims upon remand.

Furthermore, the fact that Karen has not been named as a defendant in the Greenup County action is of no consequence. Karen is the plaintiff in that case and Linda is an intervening and third party plaintiff. Karen has filed an Answer in response to Linda's Intervening Complaint. Also, while not expressly alleging unjust enrichment or requesting the imposition of a constructive trust, Linda's Complaint alleges fraud and repeatedly requests that the transfer of any life insurance proceeds be set aside, along with any change of beneficiary. In any event, "[a] party's failure to assert the existence of unjust enrichment does not serve to make it nonexistent." *Rose,* 374 S.W.3d at 343. "As long as the trial court determines that the elements are present, it is not precluded from making the legal conclusion that unjust enrichment exists." *Id.*

## Conclusion

For the forgoing reasons, we reverse the Court of Appeals and remand this case to the trial court for further proceedings consistent with this opinion.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Donald Bruce Orwin

COUNSEL FOR APPELLEES:

John Fredrick Vincent